# Smith *et al. v.* Roberts.

## *Statutory Real Action.*

1. *Limitations; statute of, what possession sufficient to support plea.*—An adverse possession, open, notorious, accompanied with acts of ownership, bars an action for the recovery of lands, without any reference to the *bona fides*, or color of title, under which the adverse holder claims ownership.

2. *Same; what will not stop running of.*—When the defendant or those whose title he has, had open, pronounced adverse possession, claiming ownership during the life-time of the true owner, his death would not arrest the running of the statute of limitations, although his heirs, the plaintiffs in this suit, were then infants.

3. *Deposition; when properly suppressed.*—Hearsay evidence contained in the deposition of a witness, is properly suppressed on motion of the opposite party.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN K. HENRY.

The appellees, Mary Roberts and others, brought this action against L. D. G. Smith and his wife, to recover the possession of certain premises in the city of Greenville, Alabama. The case was tried on the pleas of the general issue and the statute of limitations of ten years, and resulted in a judgment for the plaintiffs. The plaintiffs claimed title to the premises by virtue of a deed to their father, M. M. Roberts, made in 1860, by one Black and his wife, who were shown to have been in possession of the premises at the time of making the deed, and under which he went into possession.

The defendants relied on the following facts to support their plea of the statute of limitations: One Wood went into possession of the land sued for in 1861, and claimed to own it as his own, residing on it with his family and making improvements on it. Wood continued in possession until 1868,

when he sold and conveyed the same to one Boyd, who held possession for two years, and then conveyed the same to the appellants, who had lived on the place ever since. It was shown that M. M. Roberts, the father of plaintiffs, died in 1866, and that the plaintiffs were then and still are minors. It is not shown how Wood obtained possession of the land.

On the trial, the defendants introduced the deposition of one M. L. Wood, which contained, among other things, the following : " I do not know anything about said Wood paying for said lot of my own knowledge, or from what I have heard Roberts say ; and that my husband and said Wood went to Roberts' house with the money one night, but Mrs. Roberts refused to sign the deed after Roberts had. They brought the money back and gave it to me, and the next night they got the money from me, and went to Roberts' house." On motion of the plaintiffs, this portion of the deposition of said witness was suppressed. The deposition of this witness also contained the following, which the court, on motion, suppressed : " I never knew or heard of Roberts setting up any claim, right, or title to said lot after this. Wood went over to his house the night I speak of in the preceding interrogatory with the money." To this action of the court the defendants duly excepted.

Upon this evidence, the court charged the jury, " That an uninterrupted adverse possession of real property for ten years, created a bar to a recovery of it even by the rightful owner of it. But to constitute such an adverse possession as will defeat a recovery by the party who really owns the land, and holds it under a paramount written title, the possession set up as a bar must appear to have been actual, open, notorious, and continued for the whole period of ten years under a *bona fide* claim of title or under color of title, one or both, which claim of title is openly asserted as hostile or adverse to the title of the plaintiffs. That a mere possession, though it may have continued for ten years, and though it was open and notorious, and accompanied with acts of, and claim of ownership, unless such possession was accompanied with a *bona fide* claim of title, or with color of title, one or the other will not create the bar of the statute against those holding the real paramount paper title. And such possession, without a *bona fide* claim of title, or without color of title, one or the other could only be sufficient, if good at all, to defeat a recovery when the plaintiff relied upon a mere prior possession on his part for a recovery."

"The plaintiffs in this case rely upon a deed to their ancestor, M. M. Roberts, by one Black and wife, who, it is admitted, were in the actual possession of the lot sued for when

they executed the deed to M. M. Roberts, the plaintiffs' ancestor, that plaintiffs' ancestor went into possession of the said lot under the deed so made, and that this was before the defendants, or those under whom they claim were ever in possession, or set up any claim to the lot; and these facts being admitted, before the defendants can defend upon adverse possession of ten years, the proof must satisfy the jury that the defendants and those under whom they claim, did for ten years before the bringing of this suit have the actual, open, notorious, and continued adverse possession of the lot sued for, holding it under a *bona fide* claim of title, or under a color of title, one or the other, and that the mere naked claim of the lot and acts of ownership in relation thereto would not be sufficient, unless there was a *bona fide* claim of title to it set up adversely to the plaintiffs or their ancestor." To this charge the defendants excepted.

The defendants then asked the following written charges : " 1. If the jury believe from the evidence, that Wood was in possession of the land sued for, claiming the same openly, and building houses and other acts of ownership, this may create adverse possession without any written title.   2. That if Wood is shown to have been in adverse possession of the land sued for, short of the period which would create a bar under the statute of limitations, the continuance of it will be presumed in the absence of any proof of an abandonment or possession by another under claim of title.   3. If the jury believe from the evidence, that Wood was in adverse possession of the land sued for before the death of M. M. Roberts, and that such possession was continued by the defendants and those through which they claim possession, either under paper title or otherwise, for ten years before the commencement of this suit, then the plaintiffs cannot recover. 4. The possession under written title by the claimants in this case subsequent to Wood, will not stop or destroy the adverse claim of Wood in their favor, from whom and through whom they obtained possession and claim of right.   5. That adverse possession may be set up either under written claim of title or adverse possession without written title."   The court refused to give each of these charges, and the defendants separately excepted.

The charge given, the refusal to charge as requested, and the suppression of parts of the deposition of the witness Wood, are now assigned as error.

J. M. POSEY, for appellants.

GAMBLE & BOLLING, *contra.*

STONE, J.—There is testimony in this record tending to show that Wood went into possession of the lot in controversy in 1861, and remained in actual possession about eight years; that he, Wood, then conveyed to Boyd, who was in possession by her tenant for one or more years, and then conveyed to Smith, who entered into, and continued in possession until the present action was brought, in April, 1877; more than ten years after the statute of limitations commenced running after the war, September 21, 1865. There is no proof of title of any kind in Wood; but the testimony tends to show that he made valuable and permanent improvements on the lot, and he and those who claimed under him, all the while, asserted ownership of the lot, and claimed to hold it in their own independent right. This, if believed, constitutes adverse possession under the statute.—See authorities on appellant's brief; see, also, *Collins v. Johnson*, 57 Ala. 304; *Ladd v. Dubroca*, 61 Ala. 25. The Circuit Court erred in holding that an adverse possession of ten years is invalid against a paper title, "unless such possession was accompanied with a *bona fide* claim of title, or, with color of title." Adverse possession, open, notorious, accompanied with acts of ownership, or claim of ownership, bars an action for the recovery of lands, without any reference to the *bona fides*, or color of title, under which the adverse holder claims ownership.—*Bohannon v. Chapman*, 13 Ala. 641. *Herbert v. Hanrick*, rightly construed, is not inconsistent with this.—16 Ala. 581. It is the *actual* claim of ownership, not the *bona fides* which is the test.

The Circuit Court rightly suppressed portions of Mrs. Wood's testimony, on the motion of the appellee. All that was in it, calculated to affect this case, was but hearsay. The record contains no evidence of the manner in which Wood obtained possession. If Wood had independent, pronounced, adverse possession, claiming ownership during the life time of Roberts, the death of the latter did not arrest the running of the statute of limitations, although his heirs, plaintiffs in this suit, were then infants.—Code of 1876, §§ 3232, 3248; 2 Brick. Dig. 220, §§ 38, 44; *Daniel v. Day*, 51 Ala. 431.

Reversed and remanded.