# Barclay *v.* Smith.

### *Statutory Real Action in nature of Ejectment.*

1. *Adverse possession; effect on title to land.*—Adverse possession of lands, for the length of time prescribed as a bar by the statute of limitations, "arms the adverse holder with all the powers of offense and defense which an unbroken chain of title confers," and enables him successfully to prosecute or defend an ejectment; and it is not necessary that such possession should be under color of title.

2. *Same; exceptions to statute of limitations.*—When a case is brought within any one of the specified exceptions to the statutes of limitation (Code, §§ 3234-36, 3242-4-5-7-9, 3250), the exception prevails, and dominates the rule; but all the exceptions are specified in the statutes, and the courts have no power to add to them.

3. *Same; purchase of lands subject to execution lien.*—A person who buys land subject to an execution lien against his vendor, and holds uninterrupted adverse possession for ten years before suit brought, may successfully defend an ejectment by the purchaser at execution sale, although the action was brought within ten years after the sale under execution, and the lien of the execution was never lost.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN HENDERSON.

This action was brought by Thomas C. Barclay, against William G. and James P. Smith, to recover a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 13th June, 1877. The defendants pleaded, with other defenses, the statute of limitations of ten years; and issue was joined on that plea. "On the trial," as the bill of exceptions states, "the proof showed that the lands sued for, lying in said county of Marshall, were sold and conveyed on the 1st day of April, 1863, by James Critcher, to Andrew M. Beard and Thomas A. Cox, as partners, under the firm name of Beard & Cox; that said Beard sold and conveyed his undivided interest in said land, and left said Cox in the exclusive possession thereof, on the 3d day of

[Barclay v. Smith.]

February, 1866; and that said Cox, on the 13th day of August, 1866, sold and conveyed said land to the defendants in this suit, who have since been in continuous adverse possession thereof, claiming said land as their own." This was the defendants' claim of title.

"The proof showed, also" (and this was the plaintiff's claim of title), "that on the 2d day of March, 1863, Ewing, McCrary & Co. recovered a judgment in this court, against said Andrew M. Beard and one L. B. Allen, late partners, for $365 debt, and $54.13 damages, besides costs of suit, and another judgment against said Beard, for $97.81 debt, and $9.77 damages, besides costs of suit; that executions were issued on both of these judgments, on the 8th day of April, 1863, and that executions were duly and regularly issued on them on the 14th September, 1865, and thereafter after each term of the court, so that no space between two terms of said court elapsed without an execution being in the hands of the sheriff on said judgments, from said last-named date, until after the sale of said land by the sheriff to the plaintiff in this suit; and that on the 2d day of September, 1867, the sheriff of said county, under executions on said judgments as aforesaid, regularly sold said lands according to law, to the plaintiff in this suit, who became the purchaser, and paid the purchase-money; and the sheriff executed, and delivered to him, a deed for the same in due form of law. This suit was instituted on the 13th June, 1877.

"Other evidence was introduced, under the issues in the cause, but none bearing on the issue of the statute of limitations. Thereupon, the court charged the jury, that if they found, from the evidence, that the defendants had been in adverse possession of said lands, claiming it as their own, under their purchase from Cox, for ten years before the institution of this suit, the defense of the statute of limitations is made out, and the jury must find a verdict for the defendants." The plaintiff excepted to this charge, and he now assigns it as error.

D. P. LEWIS, for appellant.—The statute of limitations begins to run, only "after the cause of action has accrued"; and the cause of action accrues, in possessory actions for land, only "when a right of entry on the land accrues." Code, §§ 3223, 3233. The plaintiff's cause of action accrued on the 2d September, 1867, when he received the sheriff's deed as purchaser at the execution sale; and his action was brought within ten years from that day. The land was subject to the execution lien when the defendant bought it, and that lien was never lost. This lien, given by the statute, is

[Barclay v. Smith.]

preserved, and declared to continue, as against other judgment creditors and purchasers from the defendant, so long as executions are regularly issued without the lapse of an entire term.—Code, §§ 3210–11. The sale under the execution relates back to the inception of the lien, and perfects it; and the purchaser at the sale acquires a legal title which must prevail over all intermediate transfers.—Freeman on Executions, § 195, and cases cited; *Pratt v. Pratt*, 96 U. S. 704; *Coulter v. Phillips*, 20 Penn. St. 154.

F. P. WARD, *contra.*—Adverse possession of lands for ten years, even without color of title, confers a title against all the world, except the persons specially named in the statute. *Farmer v. Eslava*, 11 Ala. 1028; *Merryman v. Bourne*, 9 Wallace, 600.

STONE, J.—The policy of our statutes of limitation is repose to titles. The benefits and immunities they confer, are for the repose of adverse holders, who have been in continuous possession, asserting ownership, for the length of time the statute prescribes. In favor of defendants, "adverse possession, open, notorious, accompanied with acts of ownership, bars an action for the recovery of lands, without any reference to the *bona fides* or color of title, under which the adverse holder claims ownership."—*Smith v. Roberts*, 62 Ala. 83. "When the statute of limitations has completed a bar, it gives to the party in whose favor it has run a right of entry, upon which he may prosecute ejectment, or, if sued, defend himself."—*Doe, ex dem. v. Eslava*, 11 Ala. 1028. A right to lands, acquired by ten years' adverse holding, with the exceptions the statutes provide, arms such holder with all the powers of offense and defense, which an unbroken chain of title confers. The exceptions are expressed in sections 3234, 3235, 3236, 3242, 3244, 3245, 3247, 3249, 3250 of the Code of 1876. When a case is brought within either of the exceptions, the exception prevails, and dominates the rule. But courts have no authority to engraft exceptions, which are not found in the statutes. The fact that the present plaintiff was but a lien creditor, without title, when defendant took possession, is not one of the exceptions the statute provides. The defendant Smith being in possession, and claiming ownership, the statute commenced running in his favor, even against Beard and Cox, original owners, as he received his title from the latter, charged with no trust of his creation. *Miller v. State*, 38 Ala. 600; *Tayloe v. Dugger*, at last term; 1 Brick. Dig. 49, 50.

We are aware that, in *Coulter v. Phillips*, 20 Penn. St. 154,

[Clark v. Snodgrass.]

a different rule is declared ; and in *Pratt v. Pratt,* 96 U. S. 704 (a case from Illinois), the same doctrine is somewhat sanctioned. Under our statutes and rulings, we do not feel at liberty to follow those cases.—See *Merryman v. Bourne,* 9 Wall. 592 ; Freem. on Ex. § 195.

The judgment is affirmed.