# Wilson *v.* Glenn.

## Statutory Real Action in Nature of Ejectment.

1. *Ejectment; plaintiff must recover on strength of his own title.*—In ejectment the plaintiff must recover, if at all, upon the strength of his own title, and not on the mere weakness of that of his adversary.

2. *Same; when prior possession creates presumption of title.*—Prior possession by a plaintiff in ejectment creates a presumption of title, which can only be rebutted or overcome by showing title in defendant, or an outstanding title in a third party, or that the plaintiff's title was subordinate and permissive, or that the action is barred by the statute of limitations.

3. *Same; as against a mere trespasser peaceable possession sufficient.*—As against a mere trespasser a bare peaceable possession by an actual occupant, under claim of ownership, is ordinarily sufficient to authorize a recovery in ejectment; and such trespasser can not defend successfully by showing an outstanding title, with which he in no way connects himself.

4. *Same; adverse possession for ten years when sufficient to maintain.*—Possession by a plaintiff in ejectment, and by those under whom he claims, which has been open, notorious, adverse, and accompanied with uninterrupted claim of ownership for ten years or more, is sufficient to maintain the action as against any outstanding title, whether the defendant connects himself with it or not, and without regard to color of title.

5. *Abandonment of possession; whether animo revertendi, a question for the jury.*—Where the possession of the premises is abandoned by either party, the question as to whether they are left *animo revertendi,* is one for the consideration of the jury; but whether such a question arises in the case is for the court to determine.

APPEAL from Coosa Circuit Court.
Tried before Hon. JOHN HENDERSON.

[Wilson v. Glenn.]

This was a statutory real action in the nature of ejectment brought by John T. Glenn against A. T. Wilson and L. M. Wilson for the recovery of a quarter section of land, and was commenced on the 25th October, 1876. The defendants pleaded not guilty, and upon the issue thus made the cause was tried. On the trial, as shown by the bill of exceptions, the plaintiff examined as a witness one Bradley, who testified, in substance, that Samuel Parker was in possession of, and cultivated the land sued for until about the year 1856, when he died, and his widow, Elizabeth Parker, took possession, and continued therein, cultivating the land until 1861 or 1862; that about the year 1872, she sold the land to Ed. Roberson, who cultivated it for one or two years, and then sold it to A. J. Roberson. This witness testified, on cross examination, that Mrs. Parker abandoned the land in 1861 or 1862, and that " the fences and buildings were burned down, and the land lay out, and no one was in possession of it in any way for several years; that in 1866 or 1867, one Calvin Thomas was in possession of, and cultivated the land for two or three years, when he rented *his* place to Ed. Roberson for one or two years." The plaintiff then offered in evidence a mortgage purporting to have been executed by A. C. Roberson on the 23d October, 1873, and acknowledged before a justice of the peace in the form prescribed by the statute, conveying to him the land in controversy, to secure a debt of $100.00 which was payable on November 1st, 1874. The defendants objected to the reading of the mortgage in evidence, on the ground " that the same was not properly probated or acknowledged "; but the court overruled their objection, allowed the mortgage to be read to the jury, and the defendants excepted.

The defendants then examined as a witness one Dial Parker, who testified, in substance, that in 1855 or 1856, Samuel Parker, the husband of Elizabeth Parker, cultivated the land sued for, but that he moved off the land before his death; that his widow was never in possession in any way, but that the land " lay out and no one was in possession thereof from 1856 or 1857, until after the war, when Calvin Thomas went into possession and made thereon three or four crops, and then rented *his* place to Ed. Roberson, who resided on and cultivated the same for two or three years; that Calvin Thomas then sold the place to Wm. A. Wilson, and that Thomas was dead". The defendants then examined as a witness one William A. Wilson, who testified, that "in 1866 or 1867, Calvin Thomas went into possession of the 40 acres sued for along with six other forty-acre tracts, and cultivated the land sued for while he lived on the place; that the houses

[Wilson v. Glenn.]

were not on this land; that in 1870, or 1871, Calvin Thomas rented his place to Ed. Roberson, who lived there as a tenant of Thomas for two years, perhaps." The witness did not know whether the land sued for was rented to Ed. Roberson with Thomas' other lands, or not. This witness further testified, " that while Roberson was *there* as a tenant of Thomas, witness bought *the place* from Thomas, and got from Thomas a deed to six forties, and was put in possession of the whole tract, including the land sued for; that he rented the place to Roberson, who was then on it as Thomas' tenant for one year, and then sold the place to Roberson, and gave him a bond for title to six of the forties; that the forty sued for was not included in the sale or bond; that after the sale Roberson failed to pay for the lands he had bought, and, in the year 1874, he gave them up to witness and moved away; that witness received possession of the forty acres sued for from Thomas, but has no deed or conveyance of any kind thereto; and that after Roberson failed to pay for the lands and turned them over to witness, he gave them to his two sons, the defendants, and put them in possession of the forty sued for, along with the other lands." The defendants then read in evidence a patent from the government, executed in 1850, conveying the land sued for to one George Parker.

The foregoing being substantially all the evidence introduced on the trial touching the title to the land sued for, the court charged the jury, in substance, that the only effect of the patent read in evidence, in the absence of proof to the contrary, was to show, that the title had passed out of the government; and that if the plaintiff has shown in himself and those under whom he holds, possession prior to that of the defendants, then the patent would not defeat plaintiff's right of recovery in this action,. unless the defendants in some way can connect themselves with the patent. To this charge the defendants excepted, and then asked the following charges : 1. "The plaintiff can not recover upon the weakness of the defendants' title, but must recover, if at all, upon the strength of his own title". 2. "The defendants having shown a paramount outstanding legal title in another, it is not necessary for the defendants to connect themselves with it, to defeat the action of the plaintiff." 3. "The patent executed to George Parker, read in evidence, is a paramount outstanding title in another, and is a good defense against this action, unless the plaintiff shows connection with it, or shows that he, or they under whom he claims to hold, have been in possession ten years or more". The court refused these charges, and the defendants separately excepted.

A judgment on verdict was rendered for the plaintiff, from

(25)

[Wilson v. Glenn.]

which the defendants appealed, and here assign as error the rulings of the Circuit Court above noted.

. L. E. PARSONS, JR., for appellants.

W. D. BULGER, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The general and well established rule in cases of ejectment is, that the plaintiff is required to recover, if at all, upon the strength of his own title, and not upon the mere weakness of his adversary's.  Brock v. Yongue, 4 Ala. 584; Tyler on Ejectment, 72.  The first charge requested by defendant was a correct exposition of this principle and should have been given.

But it is equally well settled, that prior possession of the premises sued for by any plaintiff in this action, creates a presumption of title, which can only be rebutted or countervailed by showing title in the defendant; or that plaintiff's title was subordinate and permissive; or that the action is barred by the statute of limitations of ten years; or by showing an outstanding title in a third person.—Hallett v. Eslava, 2 Stew. 115; Russell v. Erwin's Adm'r, 38 Ala. 44; Smoot v. Lecatt, 1 Stew. 590; Code (1876), § 3225.  As against a mere trespasser, however, a bare peaceable possession by an actual occupant, under claim of ownership, is ordinarily sufficient to authorize a recovery, and such trespasser can not defend successfully by showing an outstanding title, with which he in no way connects himself.—Smoot v. Lecatt, supra; Trial of Title to Land (Sedg. & Wait), §§ 718–720.

Where the possession of the plaintiff, and of those from whom he has derived title, has been open, notorious, adverse, and accompanied with uninterrupted claim of ownership for ten years or more, this would be sufficient to maintain the action as against any outstanding title, whether the defendant connects himself with it or not, and without regard to color of title.—Smith v. Roberts, 62 Ala. 83.

Where the possession of the premises is abandoned by either party, the question as to whether they are left animo revertendi is one for the consideration of the jury, but whether such a question arises in the case is for the court to determine.—McCall v. Pryor, 17 Ala. 533.

As there was some evidence before the jury tending to show possession of the land in controversy by the plaintiff and those from whom he claimed title, for ten years or more, and also evidence from which the jury might have inferred that

[Thompson v. Parker.]

defendants and those from whom their possession was derived were trespassers, we see no error in the ruling of the court below, other than the refusal to give the first charge requested.

There was no error in admitting the mortgage in evidence. The acknowledgment was in due form, and taken before a justice of the peace, who was authorized by the statute to take it. Code (1876), §§ 2155, 2158.

Reversed and remanded.