# Snedecor, Adm'r, *v.* Watkins.

*Bill in Equity by Creditor to set aside Deed to Land as Fraudulent and Void.*

1. *Bill in equity by creditor to set aside voluntary conveyance; when adverse possession for ten years by grantee a bar.*—Adverse possession for ten years by a grantee in a voluntary conveyance of land, executed while the grantor was surety on a guardian's bond, is, under the statute of limitations, a good defense to a bill filed by an administrator of the deceased ward, to have the conveyance set aside as fraudulent, and the land subjected to the payment of the guardian's liability to his ward.

2. *Same.*—As the purpose of the proceedings in such case is not to obtain a personal judgment on the debt or liability, or to recover the land, but to have the grantee declared a trustee *in invitum*, it is immaterial that the right of the complainant to proceed against the surety of the guardian arose within ten years prior to the commencement of the suit.

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS COBBS.

On 12th May, 1845, William W. Long was duly appointed by the Orphans Court of Greene county the guardian of Lunsford Long, a person of unsound mind, and, as such guardian, executed a bond in the penal sum of $2,400, with Benj. L. Long and Bryan Watkins as his sureties, took possession of the estate of his ward, and continued as such guardian until his death, in 1865. After his death, in 1866, a final settlement of his guardianship was made by his administrator, and on that settlement it was ascertained that his estate was indebted to the ward in the sum of $1;024.23. On 27th November, 1866, Bryan Watkins executed deeds of gift conveying certain lands to his children, who thereupon took possession, and have since continued in the open, notorious and adverse possession of the lands conveyed by the deeds, claiming title thereunder. In 1867, Bryan Watkins died, and afterwards his estate was declared insolvent, and as an insolvent estate was finally settled. In July, 1870, Lunsford Long, without having been restored to sanity, died, and in November, 1877, Frank P. Snedecor was appointed the administrator in chief of his estate. The bill in this cause was filed in March, 1879, by said administrator against Robert E. Watkins and others, the grantees in said deeds, seeking to have the deeds set aside as fraudulent and void, and the lands thereby conveyed sold for an alleged balance due the complainant as such administrator, on account of the

[Snedecor, Adm'r, v. Watkins.]

said guardianship of his intestate. Among other defenses to
the bill, the defendants pleaded that they had been in the open,
notorious and adverse possession of the lands sought to be con-
demned for more than ten years, claiming title under said deeds,
and that the complainant's claim, as against them, was barred
by the statute of limitations of ten years.

On final hearing on pleadings and proof, the chancellor was
of the opinion that the complainant was not entitled to relief,
and caused a decree to be entered dismissing his bill; and that
decree is here assigned as error.

SNEDECOR & HEAD, for appellant.

THOS. W. COLEMAN, contra.

.(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—This bill was filed by the administrator
of a ward, in order to set aside as fraudulent certain voluntary
conveyances of real estate made by the surety of his guardian.
These deeds of gift were executed by Bryan Watkins in
November, 1866, he being then liable as surety on the bond of
William Long, who was guardian of Lunsford Long, a person
*non compos mentis.* The lands were conveyed to the grantor's
children, in consideration of natural love and affection, and the
grantees at once entered into possession, and held the lands ad-
versely from November, 1866, until March, 1879, when this
bill was filed—a period of over twelve years.

Under this state of facts the chancellor, in our opinion, prop-
erly dismissed the bill. The case made by the bill was barred
under the plea of the statute of limitations of ten years ad-
verse possession by the defendants. This possession was
adverse, open, notorious, uninterrupted, and accompanied with
acts of ownership, and this completed the bar as against all the
world, save only such persons as are exempted expressly from
the operation of the statute by certain sections of the Code.
In *Barclay v. Smith*, 66 Ala. 230, such a title was held to pre-
vail against the title acquired by a purchaser at execution sale,
although the action of ejectment was brought within ten years
after the sale, and the lien of the execution was never lost.
The principle there settled is conclusive of this case. It does
not change the case that the right of the complainant to pro-
ceed against the guardian's surety arose within ten years before
the commencement of this suit, as the purpose of the proceed-
ing is not to obtain a personal judgment on the debt, nor is it a
suit for the land. It is an effort to have the defendants, who
are voluntary donees of the lands, declared trustees *in invitum*

4

as to the lands conveyed to them by Bryan Watkins. Their adverse possession is a complete answer to this, it having matured by lapse of time into a good title. Any other doctrine than this might be perverted to unsettle a large proportion of land titles in the Commonwealth, and would be in derogation of the chief purpose of the statutes of limitation, which are designed to quiet litigation and give repose to titles.—*Lockard v. Nash*, 64 Ala. 385; *Smith v. Roberts*, 62 Ala. 83.

The decree of the chancellor is affirmed.

