## Crosby v. Pridgen.

*Statutory Action in nature of Ejectment.*

1. *Waiver of partial disclaimer, by plea of not guilty and adverse possession as to entire tract.*—When a disclaimer is entered as to a part of the land sued for, while the pleas of not guilty and adverse possession of the entire tract are interposed, if the parties go to trial, without objection, on these inconsistent pleas, the disclaimer will be treated as waived.

2. *When plaintiff may recover on proof of possession.*—In ejectment, or the statutory action in nature of ejectment, the plaintiff must, generally, recover on the strength of his own title; yet proof of his prior peaceable possession, accompanied with acts of ownership, under color or claim of title, is sufficient to authorize a recovery against a mere intruder, or trespasser; who can not defeat a recovery by showing an outstanding title, with which he does not connect himself.

3. *Same.*—Proof of the fact that, "more than ten years before the commencement of the action, plaintiff rode over the lands, claiming them as his own, and offering to sell them," without more, does not show an actual occupancy, " and is wanting in the semblance of those *bona fide* earmarks of ownership which ordinarily manifest themselves in continuous assertions of title by acts of dominion inconsistent with ownership in another."

4. *Error without injury in exclusion of evidence.*—The exclusion of a void deed as evidence, when offered by plaintiff to show that his prior possession was under color of title, if erroneous, is error without injury, when all the evidence adduced authorized the general charge in favor of the defendant which was given.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Rebecca Crosby and others, claiming as heirs at law of Newsom Taunton, deceased, against Stephen J. Pridgen, to recover the possession of a tract of land which was particularly described in the complaint, containing about 1,100 acres, and consisting of subdivisions of sections 16, 17 and 20, in township six (6), range.twenty (20), and a part of section 31 in township seven; and was commenced on the 3d August, 1881. The defendant entered a disclaimer "as to all the lands sued for," except the part of section 31 described in the

25

[Crosby v. Pridgen.]

complaint, and also pleaded " not guilty and adverse possession for ten years before the commencement of this suit." The plaintiffs moved to strike out these pleas, on the ground that they were filed by John G. Moore, defendant's landlord, who had not made himself a party ; but, on the defendant's statement, " that he had told Dr. Moore he might defend the suit," the court overruled the motion, and the plaintiffs excepted.   On the trial, as the bill of exceptions further shows, it being admitted that plaintiffs were the heirs at law of said Newsom Taunton, deceased, the plaintiffs offered in evidence a deed executed to their said ancestor by G. T. Ward and wife, which was dated May 23d, 1857, and conveyed a part of that portion of said section 31 which was described in the complaint ; and the deed was admitted in evidence without objection.   They then offered in evidence a deed for the remaining portion of said section 31, which was executed to their said ancestor by one Mary Leggett, and was dated June 24th, 1858.   This deed was signed by the grantor by mark only, and was attested by two witnesses ; but one of these witnesses signed by mark only, and the deed was admitted to record on proof by this witness. On objection by defendant, the court held this deed to be void, and excluded it as evidence ; to which ruling plaintiffs excepted, " Plaintiffs then introduced said deed as color of title ; " but the court excluded it as evidence for that purpose, and they excepted.   " Plaintiffs then introduced one J. M. Crosby as a witness, and proved by him that, in 1870, said Newsom Taunton rode out with him to a church, which, as witness testified, was on said land, near Elba, Alabama, and, pointing around and in a certain direction, said, *These are my lands ;* that they went there to meet parties to sell said lands ; and that there was then no person on said land claiming it, and no one who asserted an adverse claim to it."

" This being all the evidence, the court charged the jury, on the written request of the defendant, that they must find for the defendant, if they believed the evidence ; to which charge the plaintiffs excepted.   The jury returned a verdict for the defendant ; and the plaintiffs then asked the court to render judgment against the defendant, for all the lands as to which he had entered a disclaimer ; which the court refused to do, but entered judgment for the defendant, that he go hence," &c.; " to which action and ruling of the court plaintiffs duly excepted."

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

J. E. P. FLOURNOY, for appellants.

[Crosby v. Pridgen.]

W. D. ROBERTS, and GARDNER & WILEY, *contra*.

SOMERVILLE, J.—The pleas of not guilty and of adverse possession admitted possession of the entire tract of land sued for in the action. They were repugnant to, and inconsistent with the plea or suggestion of disclaimer, which was applicable to only to a portion of the land. Under our practice, going to trial under these repugnant pleas operated as a waiver of the plea of disclaimer.—*Alexander v. Wheeler*, 69 Ala. 232; *Bernstein v. Humes*, 60 Ala. 582; Code, 1876, § 2963; *Callan v. McDaniel*, 72 Ala. 96.

The rule is settled in this State, that peaceable possession of land by an actual occupant, who is in the exercise of acts of ownership or dominion over the premises, whether under claim or color of title, is ordinarily sufficient to authorize a recovery in ejectment, against a mere trespasser who intrudes on such prior possession of the plaintiff; and the party trespassing cannot defend successfully by showing an outstanding title with which he in no way connects himself.— *Wilson v. Glenn*, 68 Ala. 383; *Russell v. Erwin*, 38 Ala. 44; *Bradsaw v. Emory*, 65 Ala. 208. Trial of Title to Lands (Sedgw. & Wait) §§ 718–720. This is not repugnant to the more familiar and well established rule, universally recognized in cases of ejectment, that the plaintiff is required to recover, if at all, upon the strength of his title, and not upon the weakness of his adversary's. The possession of the occupant, when accompanied by such acts of dominion as ordinarily evidence ownership, under claim of title, raises a presumption of title in the plaintiff, which continues until rebutted or countervailed by proof of title in the defendant.— *Wilson v. Glenn, supra.*

It is a subject of much controversy as to the precise character of the possession of land sufficient to raise this presumption without other proof of title. It has been said, in one case, that "there must be an actual *bona fide* occupation, a *possessio pedis*, a subjection to the will and control, as contra-distinguished from the mere assertion of title, and the exercise of casual acts of ownership, such as recording deeds, paying taxes," &c.—*Plume v. Lenard*, 4 Cal. 25. In another case it was held, that the mere staking off of land, without occupation or other acts of ownership, would be insufficient *indicia* of a possession such as is necessary to maintain ejectment, unless such acts were followed by other acts of ownership continuous in their nature.—*Sankey v. Noyes*, 1 Nev. 68. There are many acts which show claim of title, and yet fall far short of the dignity of legal possession. These are casual, as distinguished from continuous assertions of ownership, and may amount to the

[Central Railroad & Banking Company v. Carr.]

most manifest acts of mere trespass. As said in *Thompson v. Burhaus*, 79 N. Y. 93, "passing around land or over it, asserting title ever so loudly, does not give possession."—Trial of Title to Land (Sedg. & Wait) §§ 719–720.

The only evidence of plaintiffs' possession of the land in controversy is the fact that, more than ten years before the bringing of the present suit, he rode over the lands, claiming them as his own, and offering to sell them. He was not, otherwise, in actual occupancy, either himself or by any tenant in possession. This casual assertion of title bears the appearance presumptively of a mere trespass. It was not a possession in the sense of *occupancy*, and is wanting in the semblance of those *bona fide* ear-marks of ownership which ordinarily manifest themselves in *continuous* assertions of title by acts of dominion inconsistent with ownership in another.

If the court erred in excluding the void deed which purports to have been executed by Mary Leggett to the father of the plaintiffs—which it is insisted was color of title, and admissible to show the extent of plaintiffs' possession—it was clearly error without injury. This deed proved no title in the plaintiffs, and the court would have been compelled nevertheless to charge the jury to find for the defendant, if they believed the evidence, as was done at defendant's request upon the evidence disclosed in the bill of exceptions.—*Pearce v. Clements*, 72 Ala. 256.

We discover no error in the rulings of the court, and its judgment is affirmed.