[Newsome v. Snow.]

# Newsome *v.* Snow.

*Statutory Action in nature of Ejectment.*

1. *Adverse possession by purchaser without deed.*—When a purchaser of land is let into possession, whether under a bond for title, or under a verbal contract merely, and pays the purchase-money in full, his possession becomes adverse from the time of such payment; and the character of his possession is not affected by his knowledge of the defect in his title, nor by subsequent repeated demands or requests for a deed.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by Clark Snow and his three married sisters, four of the seven surviving children of Dudley Snow, deceased, to recover their interest in a town lot in Oxford, with damages for its detention; and was commenced on the 4th September, 1889. S. L. Newsome intervened as the landlord of the tenant in possession, and pleaded not guilty and the statute of limitations of ten years; and issue was joined on these pleas. The case was submitted to the decision of the court, without a jury, and judgment was rendered for the plaintiffs. The defendant duly excepted, and here assigns the judgment as error. The opinion states the facts.

MATTHEWS & WHITESIDE, for appellant, cited *Olive v. Adams*, 50 Ala. 373; *Humes v. Bernstein*, 72 Ala. 576; *Ormond v. Martin*, 37 Ala. 598; *Manly v. Turnipseed*, 37 Ala. 522; *Alexander v. Wheeler*, 69 Ala. 332; *Tayloe v. Dugger*, 66 Ala. 445; *Alexander v. Pendleton*, 8 Cranch; Abbott's. Trial Evidence, 715; *Brady v. Huff*, 75 Ala. 80.

KELLY & SMITH, contra, cited *Ware v. Dewberry*, 84 Ala. 568; *Ormond v. Martin*, 37 Ala. 603; *Roundtree v. Brantley*, 34 Ala. 552.

CLOPTON, J.—The conclusions of fact from the evidence are: That the lot of land sued for was the property of Dudley Snow, the ancestor of the plaintiffs, at the time of his death. Henry Snow, who was co-heir and tenant in common with the plaintiffs, acting as their agent, but without written authority, sold the lot in the Spring of 1876 to J. M. Hays, the vendor

41

of the defendant. At the time of the contract of sale, Hays paid the purchase-money, and entered into possession under the contract; and he continued in possession, exercising acts of ownership, claiming it as his own, until 1883, when he sold the lot to defendant, who entered and continued in possession to the commencement of the suit. Defendant and Hays, under whom he claims, were in the open, notorious, and continuous adverse possession, for the length of time requisite to bar plaintiffs' right of entry, if there was no recognition of, or subordination to their legal estate.

Plaintiffs insist, however, that the repeated requests of Hays and defendant that the heirs of Dudley Snow should execute a deed to the lot of land, was a recognition of their title, operating to defeat the adverse character of the possession. The evidence does not disclose that there was a written contract of sale and purchase between Henry Snow and Hays. In the absence of such proof, we shall presume that it was oral. In either case, the purchase-money having been paid, the character of the possession is the same. It is well settled, that when the vendee has complied with the terms of the contract on his part by paying the purchase-money, and is entitled to the legal title, whether the contract be in writing, or by parol, having discharged all pecuniary duty to the vendor, he has a perfect equity, and his possession, in pursuance of such sale and purchase, is presumed to be antagonistic; and if continuous for the statutory period, will bar the vendor's right of entry, or of action; which presumption may be rebutted or overcome, by showing recognition of the vendor's right of entry, or a subordination to his legal estate.—*Potts v. Coleman*, 67 Ala. 221; *Tillman v. Spann*, 68 Ala 102.

It is true that Hays testifies, that at the time he bought the lot, he understood that it belonged to the heirs of Dudley Snow. It is not essential that defendant's claim of right or title should be good, or believed to be good. Knowledge that his title is defective, does not prevent his possession from being adverse, if the other essential elements exist. It is sufficient that there is a *bona fide* purpose to assert and rely upon his possession and claim of right, as hostile or adverse to that of the re al owner.—*Bernstein v. Humes*, 75 Ala. 241; *Manly v. Turnipseed*, 37 Ala. 522; *Alexander v. Wheeler*, 69 Ala. 332. Actual claim of ownership, not the *bona fides* or strength of the claim, is the test or element of adverse possession. *Smith v. Roberts*, 62 Ala. 83. The expression, *good faith claiming title*, found in many of the decisions, must not be understood to involve an inquiry as to the defendant's belief in the strength of his title, or to mean that, to constitute his

possession adverse, he must claim in good faith to have the real title, as counsel seem to suppose, before the bar of the statute is complete. Good faith in claiming possession and right or ownership—the real intention to claim possession as his own, distinct from, and hostile to the possession and title of the true owner, and to claim title, is the test or element of adverse possession in this respect.—*Dothard v. Denson*, 72 Ala. 541. Mere knowledge of Hays and the defendant, that the legal title or estate was in plaintiffs, is not such recognition or subordination as will prevent their possession from being adverse.

It may be that negotiations for a purchase by a person in possession, and before the bar is complete, will be regarded as evidence that his possession is permissive, and not under a claim of right. Neither Hays nor the defendant entered into negotiations for a purchase of the lot, after the original contract of sale was made, and Hays put into possession thereunder. Henry Snow, for himself, and as the agent of the other heirs, sold the entire interest or estate to Hays, whose possession, as we have shown above, became adverse from and at the time of the payment of the purchase-money. His subsequent requests of Henry Snow, that he should obtain a deed from the heirs, were not negotiations for a new and distinct purchase, but simply to quiet his title, his possession not having ripened into a title under the statute of limitations—mere requests that the original contract of sale and purchase should be consummated by the plaintiffs. Such requests may be considered as admissions that, when they were made, the legal title or estate was in the plaintiffs, but do not show that he did not claim the possession as his own under the contract of sale and purchase, distinct from and hostile to the possession and title of plaintiffs. If the plaintiffs had executed to Hays a bond conditioned to make title on the payment of the purchase-money, and he became entitled to a legal conveyance by the payment of the purchase-money, it can not be contended that a mere demand of such conveyance is a recognition of, or subordination to the legal estate of his vendors, sufficient to show that his possession was permissive, and not under a claim of right. If, in such case, he had remained in possession, claiming the land as his own, for the period prescribed by the statute of limitations, the vendor's title would be barred, notwithstanding he may have, in the mean time, demanded a conveyance in accordance with the terms of the bond.—*Ormond v. Martin*, 37 Ala. 598. Henry Snow, acting as agent, having sold to Hays the entire interest or estate, including that of plaintiffs, and Hays having paid the purchase-money and been

put into possession, and he and defendant, his vendee, having remained in the open, notorious and continuous possession, claiming the land as their own, with the intention to claim title, for the period prescribed by the statute of limitations, and the plaintiffs, with knowledge of the sale, having acquiesced in such possession and claim of ownership, the adverse possession of Hays and defendant has ripened into a perfect and indefeasible title.—*Barclay v. Smith,* 66 Ala. 230.

The judgment of the City Court is reversed, and judgment is here rendered for defendant.