# Murray *v.* Hoyle.

### *Statutory Action in nature of Ejectment.*

| 92 | 559 |
| 97 | 591 |
| 92 | 559 |
| 117 | 251 |
| 92 | 559 |
| 141 | 602 |

1. *Adverse possession; constituents of.*—Possession of land under claim of right or ownership, distinct from and hostile to the title of the true owner, is adverse possession, neither claim of the real title in good faith nor color of title being essential; and being an open and patent fact, it furnishes evidence of itself, and operates as actual notice of the claim under which it is held.

2. *Same; as conferring title.*—Adverse possession, open or notorious, continued without interruption for the period prescribed as a bar by the statute of limitations, confers a title which will either maintain or defeat an ejectment; and if such adverse possessor is afterwards dispossessed, he may again recover the possession at any time before the hostile possession has ripened into a title against him.

3. *Conveyance of land adversely held.*—A conveyance of land which is at the time adversely held by a third person, who is exercising acts of ownership, and claiming to be in rightful possession, though without color of title, is void as to such adverse possessor.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This is a statutory real action in the nature of ejectment brought by the appellant, Hugh Murray, against the appellee, George H. Hoyle; and sought to recover a certain lot in the city of Mobile, specifically described in the complaint.

The plaintiff based his right of recovery on two grounds, viz.: first, actual possession under claim of title at the time of entry by defendant on May 29th, 1889; and secondly, the continuous, open, notorious and adverse possession of the lot sued for for more than twenty years, from 1862 to 1889. To

[Murray v. Hoyle.]

substantiate his claim to the property in controversy, the plaintiff introduced evidence, as shown by the bill of exceptions, which showed that he went into possession of the said lot in the year 1862, enclosed it with a substantial board fence, and used and occupied it as his property, holding it adversely to the world, claiming it as his own, and exercising acts of ownership over it; that in 1865 the fence he had placed around the said lot was burned down, and he rebuilt it, and continued to hold said lot adversely to the whole world, openly and notoriously, and exercised acts of ownership over it by turning his stock in the enclosure, and by cultivating a portion of it; and that this claim of ownership, and continued possession was kept up until the entry of the defendant, which occurred, as stated above, in May, 1889.

The defendant based his right to the possession of the lot in controversy upon several successive conveyances, but in none of these conveyances, nor in any of the evidence introduced, was it shown when or where the first grantor, Grinnell, acquired any title to this said lot. As a link in the chain of his title, the defendant offered in evidence a deed from M. L. Grinnell to Martin Frederick, which purported to convey the lot in controversy, and was executed on August 5, 1867. The plaintiff objected to the introduction in evidence of this deed, on the ground that the proof showed that the plaintiff was in the adverse possession of said property, claiming it as his own, at the time said deed was executed, and, therefore, the said deed was void. "The court overruled said objection, and remarked that it is for the jury to say whether the plaintiff was occupying said lot adversely or not, as that is the very question we are trying." The court then admitted the said deed in evidence, and the plaintiff thereupon duly excepted to this ruling. The defendant then offered in evidence a deed from said Martin Frederick to one L. Elizabeth McKinstry, conveying the same lot, and bearing date of February 18, 1889. The plaintiff interposed the same objection to the introduction of this deed in evidence as he did to the introduction of the first, and duly excepted to the court's overruling his objection, and allowing the same to be introduced, giving the same reason. The same objection, ruling and exception was had in reference to the defendant's introducing in evidence a deed from said L. Elizabeth McKinstry and her husband, to the defendant, conveying the same lot, and bearing date of May 23, 1889.

The evidence further showed that the defendant, in 1890, recovered a judgment against the plaintiff in action for forcible entry and detainer; and that thereupon the plaintiff surrendered the possession. Being thus ejected, the plaintiff brought the present action.

[Murray v. Hoyle.]

Upon the introduction of all the evidence, the plaintiff requested the court to give the following written charges: (1) "The court charges the jury, that, if the use and occupation of the property is open, notorious, and hostile against all the world, that is sufficient notice, if accompanied by claim of ownership; and if such a possession and occupation continue for the period of ten years, then the jury must find a verdict for the plaintiff." (3) "The court charges the jury that if they believe from the evidence, that the plaintiff was in the actual use and adverse possession of the property sued for on the 5th day of August, 1867, claiming it as his property, then the deed from Grinnell to Frederick would be void." (4) "The court charges the jury that actual notice is not necessary to be given to the owner of the property of the actual use, occupation and adverse possession of said property under claim of ownership. If that adverse possession is open, notorious, public and against all the world, accompanied by claim of ownership, then, that is sufficient notice to the owner; and if that continues for ten years, then you must find for the plaintiff." (10) "The court charges the jury that, if they believe from the evidence that the plaintiff was in the actual use, occupation and possession of the property, claiming it as his own, openly and notoriously, in hostility to all the world, on the 18th day of February, 1889, the date of the deed from Martin Frederick to Elizabeth McKinstry, then said deed would be void, and the jury must find for the plaintiff." (11) "The court charges the jury, that if they believe from the evidence, that the plaintiff has been in the continuous, actual use, occupation or possession of said property, under claim of ownership, adversely against all the world from 1862 to 1888, and if he was in said actual adverse possession of said property, claiming it, as aforesaid, on the 18th day of February, 1889, then the McKinstry deed would be void, and you must find for the plaintiff."

The court refused to give each of these charges as requested, and the plaintiff separately excepted to the refusal to give each charge. There were exceptions reserved by the plaintiff to the rulings of the court in overruling the objection of the plaintiff to the introduction in evidence of the several deeds offered by the defendant.

There was judgment for the defendant, and the plaintiff now brings this appeal, and assigns the rulings of the lower court as error.

WM. E. RICHARDSON, for appellant.—The court erred in allowing the introduction in evidence of the deeds.—*Foy v.*
29

*Cochran,* 88 Ala. 353; *Franklin v. Pollard Mill Co.,* 88 Ala. 318; *Yarbrough v. Avant,* 66 Ala. 526; *Strange v. King,* 84 Ala. 214; *Anderson v. Miller,* 56 Ala. 621; *Mills v. Clayton,* 73 Ala. 359; *Childress v. Calloway,* 76 Ala. 128; *Wilson v. Glenn,* 68 Ala. 386; *Russell v. Ewin,* 38 Ala. 44; *Ware v. Dewberry,* 84 Ala. 568; *Green v. Jordan,* 83 Ala. 223; *Hughes v. Anderson,* 79 Ala. 214. The court erred in refusing to give the charges requested by the plaintiff.— *Woodstock Iron Co. v. Roberts,* 87 Ala. 441; *Wilson v. Glenn,* 68 Ala. 386; *Smith v. Roberts,* 62 Ala. 83; *Matthews v. McDade,* 72 Ala. 388; *McArthur v. Carries,* 32 Ala. 75; *Garrett v. Garrett,* 69 Ala. 429; *Baker v. Prewett,* 64 Ala. 551; *Black v. Pratt C. & C. Co.,* 85 Ala. 511; *Bozeman v. Bozeman,* 82 Ala. 390; *Bishop v. Truett,* 85 Ala. 376; *Wells v. Sheerer,* 78 Ala. 146; *Wood v. Montevallo Coal Co.,* 84 Ala. 567; *Foy v. Cochran,* 88 Ala. 353; *Franklin v. Pollard Mill Co.,* 88 Ala. 318.

McIntosh & Rich, *contra,* cited *Norwood v. M. & C. R. R. Co.,* 72 Ala. 563; *Gilman v. N. O. & S. R. R. Co.,* 72 Ala. 566; *Brewer v. Brown,* 68 Ala. 210; *McGehee v. Lehman,* 65 Ala. 316; *Collins v. Johnson,* 57 Ala. 304; *Potts v. Coleman,* 67 Ala. 221.

CLOPTON, J.—The following proprositions should be regarded as too firmly established by the former rulings of this court to admit of discussion:

*First:* Possession of land under claim of right or ownership, distinct from, and hostile to the title of the true owner, is adverse possession, neither claim of the real title in good faith nor color of title being essential; and such actual possession, being an open and patent fact, furnishes evidence of its own existence, and is the equivalent of actual notice of the claim under which it is held.—*Newsome v. Snow,* 91 Ala. 641; 8 So. Rep. 377; *Bernstein v. Humes,* 75 Ala. 241; s. c., 71 Ala. 260.

*Second:* Such adverse possession, when continued openly or notoriously, accompanied with uninterrupted claim of ownership, for the period prescribed by the statute of limitations, is as potent for offense or defense as a complete chain of title, not only barring, but also giving a right of entry. If a person, who has had adverse possession for the prescribed length of time, is dispossessed after the statutory bar is complete, he may lawfully enter, and maintain ejectment for the recovery of the land as against any outstanding title.—*Doe ex*

[Murray v. Hoyle.]

dem. v. Eslava, 11 Ala. 1028; Barclay v. Smith, 66 Ala. 230; Wilson v. Glenn, 68 Ala. 383.

Third: When adverse possession has once ripened into an indefeasible title by operation of the statute of limitations, no subsequent disturbance or entry by the adverse claimant will defeat the title thus acquired, unless his adverse possession is of sufficient duration to bar the entry of the prior adverse holder.—Echols v. Hubbard, 90 Ala. 309.

Fourth: A conveyance of land which is, at the time of its execution, in the adverse possession of a third person, exercising acts of ownership and claiming to be in rightful possession, though having no color of title, is void as to the person holding adversely, and will not support an action of ejectment on a demise of the grantee, or a statutory real action in his name.—Sharpe v. Robertson, 76 Ala. 343; Bernstein v. Humes, 60 Ala. 582.

The bill of exceptions states, that there was evidence tending to show that plaintiff took possession of the lot in controversy in 1862, inclosed it with a substantial board fence, and used and occupied it openly, notoriously, adversely and continuously, with claim of right of ownership, until May, 1889; also, that he had adverse possession at the respective dates of the several conveyances, introduced in evidence, under which defendant deduces title. The temporary destruction of the fence by fire in 1865, it having been rebuilt shortly afterwards, did not destroy the adverse character of the possession, or break its continuity. If these be the facts, plaintiff had adverse possession of the lot continuously for more than twenty years, and acquired a perfect title by operation of the statute of limitations and by prescription. This title, if acquired, was not impaired or defeated by defendant's interruption of his possession in May, 1889, or his dispossession by the action of forcible entry and detainer—the same not having been instituted until after the expiration of the statutory period.

The validity of the conveyances under which defendant claims could not be properly raised by objection to their admissibility in evidence; for this would require the court to decide the question of adverse possession, which was controverted. The question, however, as to their validity was properly raised by charges based on the hypothesis, that plaintiff was in adverse possession when they were respectively executed. Also, independent of this, the conveyances will not operate to rebut the presumption of title arising from the possession of plaintiff, though not of sufficient duration to perfect his title, without showing an outstanding title in the grantors,

[Pinkston y. Semple.]

or possession by the first, or some intermediate grantor, prior to the possession of plaintiff, or an abondonment of his possession; of neither of which is there any proof.— *Wilson v. Glenn*, 68 Ala. 383; *Childress v. Calloway*, 76 Ala. 128.

On the foregoing principles, charges one, three, four and eleven, asked by plaintiff, should have been given.

Reversed and remanded.

### *Statutory Action in nature of Ejectment.*

