# Grigg *v.* Swindal.

*Bill in Equity to Cancel Conveyance as Fraudulent.*

1. *Conveyance; when equity will not cancel at suit of purchaser under execution.* A purchaser at sheriff's sale, under execution, of lands fraudulently conveyed by the judgment debtor, has a plain and adequate remedy at law by an action of ejectment, and can not come into equity, while out of possession, to have the conveyance cancelled as a cloud on his title.

APPEAL from Clay Chancery Court.
Heard before Hon. N. SMITH GRAHAM.
This was a bill filed by Annie M. Grigg, against Owen

[Grigg v. Swindal.]

Swindal and others. The bill shows that a decree was rendered against Owen Swindal, as administrator of the estate of M. Wood, deceased, on the 9th of April, 1869, for about three thousand dollars, in favor of M. J. Wood, one of the distributees of the estate, by the probate Court of Montgomery county; that execution was issued on this decree, and was levied on a tract of land in Clay county, Ala. This land was, on the first Monday in July, 1876, sold by the sheriff of said county, under the said execution, and the appellant became the purchaser, for the sum of fifteen hundred dollars. A deed to the land was executed and delivered to her by the sheriff. The bill states that a short time before, or after the rendition of the decree, the appellee, Swindal, made conveyances of all his real property to certain parties, who are named in the bill; that among these conveyances, was one attempting to convey the same land which had been purchased by the appellant at execution sale; that all these conveyances were voluntary, and were made by Swindal for the purpose of hindering, delaying and defrauding his creditors. Such are the material averments of the bill, which prays that the conveyance of the land levied on and sold by the sheriff to complainant, (appellant), be declared fraudulent and void, and that it be delivered up to be cancelled; that she should be declared entitled to the land, and that an order be made to put her in possession, and that an account be taken of the rent of the land since her purchase. The defendant demurred to the bill, on the ground that the complainant had a complete and adequate remedy at law. The Chancellor sustained the demurrer, and dismissed the bill, and his decree is assigned as error.

GUNTER & BLAKEY, for appellant.—A judgment creditor may go into equity to have a fraudulent conveyance set aside before a sale of his debtor's property under execution, in order to enable him to realize the fruits of his judgment. *Bank v. Atwater*, 2 Paige, 54; *Pulliam v. Taylor*, 50 Miss. 551; *P. & M. Bank v. Walker*, 7 Ala. 926; *Dargan v. Waring*, 11 Ala. 983. And to do this, it is not necessary that he should first exhaust the legal remedies against his debtor. *Pharis v. Leachman*, 20 Ala. 622. This right is not taken away when he becomes the purchaser at his execution sale. And any one else who purchases at the execution sale, stands in precisely the same position that the judgment creditor would have occupied, if he had been the purchaser.—*Murphy v. Orr*, 32 Indiana, 489.

[Mobile & Montgomery Railway Co. v. Felrath.]

GEO. S. WALDEN, for appellee.—Appellant had a complete remedy at law.—*Carter v. Castleberry*, 5 Ala. 277. A fraudulent conveyance is void as against existing creditors of the grantor, and a sale under execution, and a conveyance to the creditor of the property fraudulently conveyed, divests the title.—*Read v. Smith*, 14 Ala. 380; *Hall v. Hayden*, 41 Ala. 242. The bill showed that the appellant was out of possession, and did not aver or prove that there was any obstacle to a recovery at law. The demurrer was properly sustained.

SOMERVILLE, J.—The main question in this case is raised by demurrer to the bill filed by appellant, the ground of the demurrer being that the complainant had a plain and complete remedy at law. The point presented is the same decided in *Smith, Ex'r, v. Cockrell, Adm'r*, 66 Ala. 64, where it was held, that a purchaser at sheriff's sale of lands fraudulently conveyed by the judgment debtor, had a plain and complete remedy by action of ejectment at law, and could not therefore come into chancery, when out of possession, to seek the cancellation of the fraudulent conveyance, as a cloud on his title. I dissented in that case from the opinion of the majority of the court, and have seen no reason to change my views as then expressed. Upon the authority of that case, however, the decree of the Chancellor is affirmed.