# Pettus *et al. v.* Glover.

*Bill in Equity by Purchaser at Sheriff's Sale, to set aside Fraudulent Conveyance as Cloud on Title.*

1. *Fraudulent conveyance : remedy of purchaser at sheriff's sale against, at law and in equity.*—A purchaser at sheriff's sale under execution, of lands fraudulently conveyed by the judgment debtor, has a plain and adequate remedy at law by action of ejectment, and can not come into equity, before acquiring the possession at law, to obtain a cancellation of the fraudulent conveyance as a cloud on his title. (SOMERVILLE, J., dissenting.)

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. CHARLES TURNER.

(27)

[Pettus v. Glover.]

The bill in this case was filed on the 1st December, 1873, by Joel W. Jones individually, and as one of the executors of the last will and testament of John A. Winston, deceased, and his co-executors, E. W. Pettus and William O. Winston, against N. B. Glover; and sought to set aside on the ground of fraud, and as a cloud on the title asserted by the complainants, a conveyance under which the defendant claimed and held possession of a tract of land ; also, to recover the possession, and to have an account of the rents and profits. The complainants asserted claim and title to the lands under a purchase at sheriff's sale by John A. Winston & Co., a mercantile partnership composed of said John A. Winston and Joel W. Jones, and a conveyance by the sheriff to them as such partners. The sheriff's deed was dated January 6th, 1868, and the sale was made on that day, under an execution which was issued on the 25th November, 1867, and which was levied on the lands on the 27th November. The execution was against Benjamin Glover, the father of said N. B. Glover, and was issued on a judgment rendered against him by the Circuit Court of said county, in favor of Gertrude Jones, on the 26th October, 1867. The action in which that judgment was rendered, was commenced on the 27th April, 1866, and was founded on a debt contracted in June, 1861. The defendant claimed and held the lands under a deed from his father, the said Benjamin Glover, which was dated the 1st October, 1866, but was without attesting witnesses, and was acknowledged by the grantor on the 2d February, 1867, and admitted to record on such acknowledgment ; and which recited, as its consideration, the present payment in hand of $5,000. The bill alleged that the recited consideration of this deed was simulated and fictitious, and that the conveyance was fraudulent in law and in fact—that it was executed and accepted with the intent to hinder, delay and defraud the creditors of the said Benjamin Glover in the collection of their debts, and especially the debt due to said Gertrude Jones ; that it was a cloud on the title acquired by the complainants under the purchase at the sheriff's sale, and calculated to impair the market value of the property ; and they therefore prayed that it might be declared fraudulent and void, as against them, and be ordered to be delivered up and cancelled.

Benjamin Glover died in 1872, "leaving no estate in his own name," as the bill alleged, and there was no administration on his estate. John A. Winston also died in 1872, having executed his last will and testament, by which he devised his entire estate to his executors as trustees. There was no demurrer to the bill, and no motion to dismiss for

[Pettus v. Glover.]

want of equity. The defendant answered the bill, denying the charges of fraud, and insisting on the *bona fides* and validity of his conveyance. On final hearing, on pleading and proof, the chancellor dismissed the bill, on the ground that the charge of fraud was not proved; and his decree is now assigned as error.

PETTUS & DAWSON, for appellants, argued the question of fraud as presented by the pleadings and evidence, and cited *Lockett v. Hurt*, 57 Ala. 199, as showing that a fraudulent conveyance, valid in form, is a cloud on the title, which a court of equity will remove. The case of *Smith's Executor v. Cockrell*, 66 Ala. 64, having been decided after this appeal was taken, they further contended that, the adequacy of legal remedies not having been raised by demurrer in the court below, the objection could not be taken in this court; citing the following authorities: *Tubb v. Fort*, 58 Ala. 278; *Andrews & Bro. v. McCoy*, 8 Ala. 925; *Livingston v. Livingston*, 4 John. Ch. 290; *Underhill v. Van Cortlandt*, 2 John. Ch. 369.

JOHN Y. KILPATRICK, *contra*, cited Wait's Actions and Defenses, vol. 1, p. 666; *Rea v. Longstreet*, 54 Ala. 291; *Arnett v. Bailey*, 60 Ala. 435.

PER CURIAM.—This case is affirmed on the authority of *Smith's Executor v. Cockrell*, 66 Ala. 64, and *Grigg v. Swindal*, at the present term.

It was held by a majority of the court, in those cases, that a purchaser, at sheriff's sale under execution, of lands fraudulently conveyed by the judgment debtor, has a plain and adequate remedy at law by action of ejectment, and that he can not come into chancery, before acquiring possession at law, to obtain cancellation of the fraudulent conveyance, as a cloud on his title.

Under this principle, there was no error in the decree of the chancellor dismissing the bill of appellants, and said decree is affirmed.

SOMERVILLE, J., *dissenting*.