# Lawson *et al. v.* Alabama Warehouse Company.

*Bill in Equity to Set Aside Mortgage as Fraudulent.*

1. *Fraud.*—On the facts shown by the record, the court so far concurs with the chancellor in the conclusion that the mortgage attacked for fraud is not shown to have been executed with any fraudulent intent on the part of the mortgagor ; or, if it was, that the mortgagee participated in such fraudulent intent.

2. *False recital a badge of fraud ; may be explained.*—But a false recital in a mortgage, as to the consideration, or indebtedness intended to be secured, is only a badge of fraud, and is susceptible of explanation ; and where the indebtedness is recited to be $5,000, as in this case, but it is shown that $2,800 only was loaned at the date of the mortgage, and the residue ($2,200) was to be advanced at times, and in sums, to suit the mortgagee's convenience, this is a sufficient explanation, and relieves the instrument of any imputation of fraud.

APPEAL from the Chancery Court of Pike.
Heard before Hon. JOHN A. FOSTER.

[Lawson et al. v. Ala. Warehouse Co.]

The bill in this case was filed by appellee, the Alabama Warehouse Company, against U. L. Jones and John R. Lawson, and seeks to have declared a mortgage executed by said Jones to Lawson fraudulent as to complainant.

The bill sets out that U. L. Jones became indebted to the Alabama Warehouse Company in August, 1872, for one thousand dollars, money borrowed; that this debt was reduced to judgment at the October term, 1874, of Pike Circuit Court, execution issued, and returned "no property;" that on the 11th of October, 1873, U. L. Jones executed a mortgage to appellant, John R. Lawson, to secure an alleged indebtedness of five thousand dollars due from said Jones to Lawson, due and payable on the 11th day of December, 1874, conveying in the mortgage certain real estate in the town of Troy. The bill charges that the property contained in said mortgage constituted all the available property belonging to said U. L. Jones that could be reached by execution at law; that the property conveyed was worth about twelve thousand dollars; that Jones was in failing circumstances; that there were a number of judgments, at the time, against him, and that these facts were known to Lawson at the time of the execution of the mortgage; it denies that Jones was indebted to Lawson in the sum of five thousand dollars, as alleged in said mortgage, which was executed for the purpose of hindering and delaying the creditors of said Jones. The bill prays that the mortgage be declared void, and the property embraced therein be declared subject to the debt of complainant. The proof showed that the alleged indebtedness of five thousand dollars was not actually due to Lawson, but that a part of said sum was advanced by Lawson to Jones at the time of the execution of the mortgage, about $2,800, and an agreement to advance the remainder in sums, and at times, to suit the convenience of said Jones; and that all of the five thousand dollars, except about three hundred and fifty dollars, had been in fact advanced to Jones by Lawson.

Upon submission, the chancellor declined, upon the evidence, to declare that the mortgage was executed "with the intent" to hinder, delay or defraud the creditors of the mortgagor, but held that the ostensible consideration being five thousand dollars, actually paid, when, in fact, there was only an agreement to pay, as to a large part of said sum, showed a secret reservation for the benefit of the grantor, that could not be upheld, and rendered a decree vacating said mortgage as to complainants' debt. From this decree defendant Lawson appeals, assigning said decree as error.

W. H. PARKS, and RICE & WILEY, for appellants.

[Lawson et al. v. Ala. Warehouse Co.]

N. W. Griffin, for appellee.

SOMERVILLE, J.—We concur in the conclusion reached by the chancellor, in so far as he holds that the testimony fails to show satisfactorily that the mortgage in controversy, which was executed by Jones to Lawson, on the 11th day of October, 1873, was made with any intention to hinder, delay or defraud the creditors of the grantor, or, if it was, that this fraudulent intent was participated in by the grantee. It is needless that we should attempt any review of the testimony bearing on this point.

But we can not concur in the other view expressed in the chancellor's opinion, in which he construes the conveyance to be one containing a secret trust for the benefit of the grantor. This conclusion is based solely upon the fact that there is a false recital of the consideration of the mortgage, or of the amount intended to be secured. The amount of indebtedness is stated to be five thousand dollars, due and payable on the 11th day of December, 1874. It is shown, in truth and in fact, to be only the sum of two thousand eight hundred dollars actually loaned at and before the date of the mortgage, and of two thousand two hundred dollars agreed to be loaned or advanced, at times and in amounts to suit the mortgagee's convenience.

The case is clearly not one of a simulated consideration, where the debt secured is intentionally recited to be larger than it really is. If this were so, the conveyance would be void for fraud, as in *Hall v. Heydon*, 41 Ala. 242. The rule is settled to be that false recitals of indebtedness in a mortgage, by exaggeration of the amount, are only *prima facie* evidence of fraud, and this presumption may be rebutted by showing fairness of intention on the part of the mortgagee. In other words, it is a mere badge of fraud, susceptible of explanation. This was decided in *Stover v. Herrington*, 7 Ala. 142, and the principle is elsewhere so recognized. This case was based on the decision of Chief-Justice Marshall, in *Shirras v. Craig*, 7 Cranch, 34, where the mortgage purported on its face to secure a debt of £30,000 sterling due to all the mortgagees. It was really intended to secure different sums due at the time to particular mortgagees, advances afterwards to be made, and liabilities to an uncertain amount. The court said : "It is not to be denied that a deed which misrepresents the transaction it recites, and the consideration on which it is executed, is liable to suspicion. It must sustain a rigorous examination. It is certainly always advisable fairly and plainly to state the truth. But if upon investigation the real transaction shall appear to be fair, though somewhat variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming

[Lawson et al. v. Ala. Warehouse Co.]

under the deed, of his real equitable rights, unless it be in favor of a person who has been in fact injured and deceived by the misrepresentation." In *Summers v. Roos & Co.*, 42 Miss. 749; s. c. 2 Amer. Rep. 653, the objection was urged, as here, that the mortgage on its face purported to secure advances already made, while in fact it was really intended to secure future advances as well as advances already made. The authorities are cited and reviewed showing the objection to be unavailing in every sound point of view. The present case, in our opinion, seems scarcely to be distinguishable from *Lovelace v. Webb*, 62 Ala. 271. There the mortgage recited, as one of the debts secured, the sum of three hundred dollars advanced on the day of the execution of the instrument, to enable the mortgagor to make a crop. The proof showed that the sum was not then advanced, but there was merely a verbal agreement that it should be advanced, as it ultimately was during the year. This was held to be sufficient constructive notice of the prior right, duty and liability of the mortgagees, and the validity of the instrument was accordingly sustained, the consideration proved being equally valuable and valid with the one recited. As said in *Collier & Son v. Faulk et al.*, 69 Ala. 58, "all that can be required is, that a mortgage designed to secure such future liabilities should describe the nature and amount of them with reasonable certainty, so that they may be ascertained by the exercise of ordinary diligence on proper inquiry." The recital of the specific sum as already due was certainly sufficient to put subsequent purchasers or incumbrancers on inquiry. 1 Jones on Mort. §§ 364–367; *Driver v. McLaughlin*, 20 Amer. Dec. 661, *note.*

There is nothing in this case which brings it within any principle laid down in *Sims v. Gaines*, 64 Ala. 392.

The chancellor erred in holding the mortgage in question to be void for fraud, and his decree is for this reason reversed, and the cause will be remanded.

CLOPTON, J., not sitting.