# Betts *v.* Nichols *et al.*

### *Bill in Equity to Remove Cloud on Title.*

1. *Cloud on title; fraudulent conveyance.*—A purchaser at an execution sale of lands fraudulently conveyed by the judgment debtor has a plain and adequate remedy at law, and, when out of possession, cannot come into equity to obtain the cancellation of the conveyance as a cloud on his title.

APPEAL from Conecuh Chancery Court.
Heard before Hon. JOHN A. FOSTER.

G. R. FARNHAM, for appellant.

STALLWORTH & BURNETT, and JOHN GAMBLE, *contra.*

CLOPTON, J.—The appellant, who brings the bill, purchased the land in controversy in January, 1887, at a sheriff's sale, under an execution issued on a judgment rendered in his favor against Mary A. Crawford by the circuit court. The bill seeks to have certain conveyances made by the debtor prior to the rendition of the judgment declared fraudulent; that the land is subject to the debt of complainant; and that the conveyances be delivered up and cancelled. It has been so frequently held by this court, as to be placed beyond further discussion, that a purchaser at an execution sale of lands fraudulently conveyed by the judgment debtor has a plain and adequate remedy at law, and when out of possession, cannot come into equity to obtain the cancellation of the conveyance as a cloud on his title.—*Smith v.*

*Cockrell*, 66 Ala. 64; *Grigg v. Swindal*, 67 Ala. 187; *Pettus v. Glover*, 68 Ala. 417. In such case, the judgment creditor has an election of two modes of procedure, by bill in equity to test the *bona fides* of the conveyance, or by levy and sale under the execution, and test the validity of the deed by an action of ejectment. The chancellor held the conveyance to be valid. As to this we express no opinion. The decree must be affirmed on the authority of the cases cited above, on the ground that there is no equity in the bill.

Affirmed.