# Kirby *et al. v.* Raynes *et al.*

### *Bill in Equity to foreclose a Mortgage.*

1. *Fraudulent conveyance binding as between parties.*—A conveyance of land executed by a grantor for the purpose of hindering and delaying his creditors is valid as between the parties thereto, and a court of equity will not lend its aid to disturb the right of either at the instance of the other; both being *in pari delicto.*

2. *Mortgage; valid when given to secure future advances.*—It is not necessary for its validity, that a mortgage given to secure future advances should express on its face that it was given for such purpose, and if not attended with fraud or bad faith, such mortgage is as valid as if made to secure a past due indebtedness, not only as between the parties, but also as against subsequent purchasers and incumbrancers, so far at least as respects advances made before the equities of such subsequent purchasers or incumbrancers attached.

3. *Mortgage; parol proof admissible to show for what purpose given.*—Parol proof is admissible to show that the mortgage was given to secure future advances.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, J. Frank Raynes and John W. Hodge, engaged in the mercantile business as partners under the partnership name of Raynes & Hodge, against Frank M. Kirby and his wife, Lizzie Kirby, and Charles Webb and Thos. E. Morgan.

It was averred in the bill that on April 3, 1897, the

defendant, Frank M. Kirby, being indebted to the complainants on account of goods, wares and merchandise, executed to the complainants a promissory note evidencing said indebtedness, and that on the same day, for the purpose of securing the payment of said indebtedness, the said Frank M. Kirby and his wife executed to complainants a mortgage on certain real estate; that said note and the debt evidenced thereby and secured by said mortgage was due and unpaid. It was then averred that the defendants Charles Webb and Thomas E. Morgan were in possesion of said lands asserting some character or kind of title or interest therein which was unknown to complainants, but that the mortgage which Kirby and defendants had executed to the complainants was duly recorded and Webb and Morgan had full knowledge and notice of defendants' claim.

The prayer of the bill was that said mortgage be foreclosed, and that said lands be sold for the payment of said indebtedness.

The defendants filed an answer in which they admitted the execution of the mortgage, but averred that said mortgage was given to the complainants for the purpose of hindering, delaying and defrauding one W. Siebold, to whom the defendant Frank M. Kirby was indebted.

Evidence was introduced, tendencies of which is sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for and after ascertaining the amount of the indebtedness from Kirby to the complainants, decreed that if the same was not paid within thirty days, the lands be sold for the payment thereof. From this decree the respondents appeal and assign the rendition thereof as error.

STREET & ISBELL, for appellants.—To convert the mortgage into a security for Kirby's accounts for the years 1898, 1899, 1900, 1901, and 1902 is to make a contract for the parties which finds not a scintilla of evidence in this record to justify it. The fact that the supplies intended to be secured did not amount to the face of the mortgage would not authorize the inclusion in the security of other demands not in contemplation of

the parties.—*Wilkerson v. Tillman*, 66 Ala. 532; 20 Am. & Eng. Ency. Law, (2d ed.), pp. 923-929; *Huckaba v. Abbott*, 87 Ala. 409; *Hendon v. Morris*, 110 Ala. 106.

The defendant Kirby made payments to complainants from time to time on his indebtedness to them with no instruction where to place credit. These payments were simply credited by complainants upon the account generally. They amounted to the sum of $109.11. The question in this connection is what part of the account do these payments satisfy. We submit that they must be applied to the extinguishment of the oldest items first, notwithstanding these items are secured, while the later ones are not.—*Stickney v. Moore*, 108 Ala. 597; *Spies v. Price*, 91 Ala. 166; *Johnson v. Harrison*, 27 Ala. 445.

A mortgage given to hinder, delay or defraud the mortgagor's creditors, in which purpose the mortgagee participates, is an illegal and immoral contract, which the court will abstain from enforcing. It rigorously leaves the parties in the precise position they have placed themselves. It will not interfere to enforce an executory contract nor to undo an executed one. This is an executory contract which complainants are seeking to have the court enforce. If it is illegal the court will not grant any sort of relief.—*Clark v. Colbert*, 67 Ala. 92; *Thornhill v. O'Rear*, 108 Ala. 303; *Hill v. Freeman*, 73 Ala. 200; *Morris v. Hall*, 41 Ala. 537; *Long v. Railway*, 91 Ala. 522; *McGee v. Lindsay*, 6 Ala. 21.

If the defendant Kirby could not take advantage of it, the defendants Webb and Morgan could do so.—*Gilliland v. Fenn*, 90 Ala. 230; *Hendon v. Morris*, 110 Ala. 106.

JOHN A. LUSK, *contra.*—The rule is well settled in this State that conveyances fraudulent as to creditors are valid *inter partes.*—See Code, 1896, p. 665, note to section 2156.

Again on the facts the mortgage and note being given and the defendant trading more than the amount of the note and making payments without directing their application, if the account was not secured by the mortgage the placing the payments as a credit on the ac-

count would be an application by the creditor to the unsecured items of account, and it would take the consent of the creditor to remove the credits thus placed and place them elsewhere.—4 Mayfield's Digest; 430, §§ 125-129; *Royston v. May,* 71 Ala. 398.

HARALSON, J.—What claim the defendants, Webb and Morgan, have in this case as creditors of the defendants has not been shown. It does not appear that they are the owners of the land embraced in the mortgage here sought to be foreclosed, by conveyance executed by the defendants to them, nor that they have a mortgage or other incumbrance on it, superior to the mortgage of complainants. It is true, reference is made, incidentally in the evidence, to a sale by defendants to them, but when it occurred is not shown, nor whether the sale, if made, was ever executed. So that, if they are creditors of defendants, there is no allegation or proof to that effect, nor are they making claim as prior or superior creditors to complainants as against their mortgage. The litigation is really between the complainants and the defendants, Kirby and wife. They set up, that they executed the mortgage to complainants to hinder, delay and defraud one W. Seibold in the collection of a debt which the defendant, F. M. Kirby owed said Seibold, and that complainants, Raynes and Hodge, participated in said purpose, with full knowledge thereof. It is well understood that conveyances or gifts made to hinder, delay or defraud creditors are operative between the parties when fully consummated and that neither can rescind nor defeat them.—*Glover v. Walker,* 107 Ala. 545; *Williams v. Higgins,* 69 Ala. 623.

It is alleged, that this mortgage was given to complainants by defendants for the purpose, known and participated in by complainants, to hinder, delay and defraud one Seibold, a creditor of defendants. If such were the case, a court of equity might not lend its aid to complainants to disturb the acquired rights of either at the instance of the other—both being *in pari delicto.* *Hill v. Freeman,* 73 Ala. 200; *Clark v. Colbert,* 67 Ala. 92.

The defendants' evidence tends to show, that such was the purpose of the mortgage. That of complainants tends to show, that such was not its purpose, but that it was executed to secure a past due indebtedness and to secure future advances. The evidence, we take it, preponderates, as the court below seems to have held, to satisfactorily establish the contention of the complainants as to this question, and we are not inclined to disagree with its conclusion.

The note which the mortgage secures, was for $300, and neither it, nor the mortgage refers to future advances, but to an indebtedness generally, in that sum. It was not necessary that the mortgage should express on its face that it was given to secure future advances, to make it operate as a security for that purpose. It was competent to give it for a specific sum, and it would stand as a security for a debt to that amount. If not tainted with fraud or bad faith, such a mortgage is as valid as if made to secure past indebtedness, not only as between the parties, but also as against subsequent purchasers and incumbrancers, so far, at least, as respects advances made before the equities of such purchasers or incumbrancers attached. Parol proof is also admissible to show that the mortgage was given to secure advances. 1 Jones on Mortgages, §§ 374-377; *Wilkerson v. Tillman,* 66 Ala. 532, 537; *Lovelace v. Webb,* 62 Ala. 271; *Collier v. Faulk,* 69 Ala. 58; *Lawson v. Ala. Warehouse,* 80 Ala. 341; *Huckaba v. Abbott,* 87 Ala. 410.

That the defendants were indebted to the complainants in some $40 or $50 at the date of this mortgage, and that they traded with them and got advances for the year 1897, and continued to do so for the years subsequent thereto, up to and including a part of 1902, is not denied. The mortgage, meanwhile, was held by the complainants and no satisfaction or payment of it was pretended. An account of their dealings between them, from February 12th, 1897, to February 10th, 1902, shown, without dispute, to be correct, was introduced in evidence, which account contains the items of debit and credit during that time, leaving a balance, on April 1st, 1902, due from defendants to complainants, of

$237.62. The court ascertained for itself, as was competent to be done, that the amount due on the date of the decree, was $248.47, and decreed foreclosure of the mortgage by a sale of the lands, for the payment of that sum, with costs and expenses of sale, if not paid within thirty days. Much has been said in briefs, on the doctrine of the application of payments as applicable to the account. But we take the same view that the chancellor evidently did, and hold that the mortgage was a security for the balance, and was so intended, and that the payments made, must be confined to advances in 1897, is not under the evidence, tenable, but that the mortgage stood as a valid security for all that was advanced up to the end of the transactions between the parties in 1902.

We discover no error in the decree, and it must be affirmed.

Affirmed.