# Watt *v.* Killebrew

*Ejectment.*

(Decided June 18, 1908. 47. South. 83.)

*Ejectment; Adverse Possession; Computation of Period.*—Where pending the levy of an execution on land the execution debtor sells the land and puts the seller in possession, and subsequently the lands are sold under execution and the sheriff's deed executed and delivered to the purchaser, the statute of limitation runs against the purchaser at the sheriff's sale from the time of the execution and delivery of the deed and possession by the execution debtor to his purchaser, and not from the time of the delivery of the sheriff's deed.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Lucy Watt against W. B. Killebrew for the recovery of land. Judgment for defendant and plaintiff appeals. Affirmed.

C. D. CARMICHAEL, and ESPY & FARMER, for appellant. Possession of a judgment debtor is not adverse to the purchaser who buys at a sale under execution on a judgment against the debtor.—*Sellers v. Farmer,* 151 Ala. 487. A vendee of the debtor occupies no higher or better ground than the debtor himself.

W. O. MULKEY, for appellee. Adverse possession began to run from the time of the execution of a deed and the delivery of possession from the judgment debtor to his vendee.—*Barclay v. Smith,* 66 Ala. 230; *Snedicor v. Watkins,* 71 Ala. 48; *Washington v. Norwood,* 128 Ala. 383.

DENSON, J.—At the fall term, 1894, of the circuit court held for Geneva county, the state of Alabama recovered judgment against John J. Fowler. Execution

was issued on the jugdment and levied by the sheriff in the autumn of 1894 on the lands in controversy as the lands of John J. Fowler. The lands were regularly advertised and sold under said levy on the 4th day of March, 1895, by the sheriff. At the sale the plaintiff in this action became the purchaser, and on the day of the sale she received a deed as such purchaser to the lands from the sheriff. The proof showed without conflict that from some time in 1891 up to the 26th day of January, 1895, John J. Fowler was in the actual possession of the land as owner; that on that day he sold and conveyed it to John Brandon; that the next day after the deed was made Brandon entered into possession of the land, and remained in the actual adverse possession of it until he conveyed it to one Murdoch by warranty deed regularly executed; that Murdoch, immediately on the execution of said deed, entered into the actual adverse possession of the land, and so remained in possession until the 10th day of September, 1904, when by warranty deed properly executed he conveyed the land to the defendant, who at once entered into the actual adverse possession of the land, and so remained in possession continuously up to and including the time of the trial. The suit was commenced by the plaintiff on the 3d day of March, 1905. On the facts stated, the court, at the written request of the defendant, gave the general affirmative charge, with hypothesis, in his favor.

It is insisted by the appellant that the charge should not have been given, because as she contends, the statute of limitations could not begin to run against her until she received her deed from the sheriff on the 4th day of March, 1895. In *Barclay v. Smith*, 66 Ala. 230, this identical question was before this court, and was decided adversely to the appellant's contention; it being there held that the statute begins to run from the time

[Speer, et al. v. Smoot.]

the execution debtor delivers his deed to the purchaser from him. On the authority of that cace we hold the affirmative charge, as requested, was property given. The cases of *Brunson v. Morgan,* 86 Ala. 318, 5 South. 495, and *Sellers v. Farmer,* 151 Ala. 487, 43 South. 967, which hold that the possession of the debtor is not adverse to that of the purchaser at an execution sale, so as to affect a conveyance made by the purchaser while the debtor is in possession, are not in conflict with the *Barclay v. Smith,* nor with what is decided on the present appeal.

Let the judgment of the circuit court be affirmed.

Affirmed.

Tyson, C. J., and Simpson and McClellan, JJ., concur.