PASQUALE et al. v. FRANCIS.   (6 Div. 834.)

(Supreme Court of Alabama. Nov. 29, 1923. Rehearing Denied Jan. 24, 1924.)

1. Fraudulent conveyances ⬅️300(1)—Mortgage held executed to hinder, delay, and defraud creditors of mortgagor.

In a bill to cancel a mortgage on real estate as a cloud on complainant's title, evidence *held* to sustain the allegations of complainant that the indebtedness secured by the mortgage was largely simulated, and that it was intended to hinder, delay, and defraud the creditors of the mortgagor, and was therefore void for fraud.

2. Lis pendens ⬅️24(3)—Mortgagee's conveyance to mortgagor's wife held insufficient to pass superior equity to that of complainant.

Where complainant filed a bill to cancel a mortgage on real estate as a cloud on her title, which was fraudulent as to creditors of the mortgagor, a conveyance by the mortgagee to the wife of mortgagor while complainant's suit, to which she was made a party defendant, was pending, was insufficient to pass to her an equity superior to that of complainant.

3. Bankruptcy ⬅️418(1)—Discharge in bankruptcy of no effect on conveyance made prior thereto.

Where a complainant filed a bill to cancel a mortgage on real estate as a cloud on her title, which was fraudulent as to creditors of the mortgagor, the discharge of the mortgagor in bankruptcy could have no effect upon the legal title acquired under the execution sale more than one year prior to the filing of the petition in bankruptcy, nor could it affect the right of complainant to have the mortgage removed as a cloud upon the title so acquired.

4. Appeal and error ⬅️959(1), 977(1) — Matters lying within discretion of trial court not reviewable on appeal.

The allowance of an amendment to a bill in equity and the overruling of an application for rehearing, and being matters in the discretion of the trial court, are not reviewable on appeal.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill in equity by Sallie M. Francis against Oddo Pasquale and others, to cancel a mortgage on real estate as a cloud on title. From a judgment for complainant, respondents appeal. Affirmed.

Pinkney Scott, of Bessemer, for appellants.

To constitute fraud as alleged in the bill, the transaction must be shown to be infected with fraudulent intent on the part of the grantor, participated in by the grantee. Shealy & Finn v. Edwards, 75 Ala. 411. A debtor may prefer his creditor, if the debt be bona fide, payment absolute, and the value of the property not materially in excess of the debt. Allen v. Riddle, 141 Ala. 621, 37 South. 680; Morrow v. Campbell, 118 Ala. 330, 24 South. 852. The discharge in bankruptcy abated this suit. Andrews v. Mather, 134 Ala. 364, 32 South. 738.

Vassar L. Allen and Brenton K. Fisk, both of Birmingham, for appellee.

It appearing that Pasquale had property out of which he might have paid complainant, the burden is on him to show the bona fides of transactions whereby such property was dissipated without such payment. Strickland v. Stuart, 200 Ala. 541, 76 South. 867; Schall v. Weil, 103 Ala. 411, 15 South.

829; Chipman v. Glennon, 98 Ala. 263, 13 South. 822; Calvert v. Calvert, 180 Ala. 105, 60 South. 261. The fact of conveyance of property to the wife is evidence tending to show fraud. London v. Anderson Brass Wks., 197 Ala. 16, 72 South. 359. The mortgage to Ceravalo was void as to complainant. Code 1907, § 4293.

PER CURIAM. The bill in this case was filed by an existing creditor to set aside a mortgage executed by the debtor, alleged to have been fraudulent, as a cloud upon her title to certain real estate acquired by her under sale under execution issued against him.

[1] It appears from the bill that the complainant had reduced the balance due upon a mortgage debt to judgment; that execution was issued thereon and levied upon a half interest of the judgment debtor in certain lots in the city of Bessemer, Ala., described therein, owned by the judgment debtor; that the interest of the debtor in such lots was sold under such execution on the 21st day of February, 1916, W. T. Stewart becoming the purchaser at such sale and receiving a conveyance "of all the right, title, and interest" the debtor had and held therein, and that thereafter, and on the 18th day of April, 1916, the purchaser at the execution sale conveyed to complainant all of his right, title, and interest acquired at such execution sale.

It further appears from the bill that at the time of the execution sale there was a mortgage upon such property executed by the debtor to Joe Ceravalo to secure a promissory note for $10,000 executed by the debtor to him. The bill avers that this indebtedness was largely if not wholly simulated, and that the mortgage securing it was made by the debtor to hinder, delay, and defraud his creditors. This would make the mortgage void for fraud. Lawson v. Alabama Warehouse Co., 80 Ala. 341. This being true, the legal title remained in the judgment debtor until the sale and conveyance by the sheriff, when it passed to the purchaser; this because the fraudulent conveyance is treated as a nullity—as if it had never been. It is impossible, therefore, for the purchase at the execution sale to have been made subject to the mortgage, as contended for appellants.

In our opinion the allegation of the bill that the indebtedness secured by the mortgage was largely, if not wholly, simulated, and that the mortgage was intended to hinder, delay, and defraud the creditors of the mortgagor, is sustained by the evidence.

The evidence shows that on the 11th day of November, 1910, Oddo Pasquale executed a mortgage to Joe Ceravalo to secure a loan of $1,500, the property mortgaged being lots 15 and 16 in block 202 fronting on Alabama avenue, in Bessemer, Ala., which was also subsequently included in the mortgage for $10,000, the validity of which is assailed in the bill. The validity of the mortgage for $1,500 is not disputed, and it was sustained in the final decree. Ceravalo testified, as to the mortgage for $1,500, that Pasquale came to him and said he needed some money, and that he (Ceravalo) told him he "had $1,500 which he would lend him if he had good security." He testified that Pasquale had always paid the interest on this loan up to the time of the foreclosure of the two mortgages. On the other hand, he testified he lent the $10,000 to Pasquale at different times; that nothing was said about interest, or security, and there was no definite time when he was to pay him back; that he did not ask him to give him a note or receipt or anything, and, although interest was being regularly paid upon the $1,500 loan, no interest was paid or demanded on the loan for $10,000. He testified that he gave Pasquale no additional sum to make up the $10,000 at the time of the execution of the mortgage securing such sum, while Pasquale testified that Ceravalo let him have enough to make up that sum. Ceravalo further testified that he made a memorandum of the different loans, signed by Pasquale, included in the sum of $10,000, and kept it in his safe; but the memorandum was not produced nor its absence accounted for. Apart from the indefiniteness in the proof of the loans embraced in the $10,000 mortgage, it is not probable that Ceravalo, requiring good security for the loan of $1,500, would thereafter have made loans to Pasquale aggregating $10,000, not only without any security, but with no agreement for repayment, or that he would have regularly received the interest on the $1,500 loan before foreclosure, and never demanded or received any interest on the other loans.

[2] After the purchase of the property by Ceravalo at the foreclosure sale he conveyed the property embraced in the two mortgages by quitclaim deed to the wife of Pasquale, for a recited consideration of $10,000. Such conveyance, however, was made while this suit, to which Mrs. Pasquale was a party defendant, was pending. She acquired, therefore, no equity superior to the equity of complainant.

[3] The discharge of Oddo Pasquale, the mortgagor, in bankruptcy, could manifestly have no effect upon the legal title acquired under the execution sale, more than one year prior to the filing of the petition in bankruptcy; nor could such bankruptcy proceedings affect the right of complainant to have the mortgage removed as a cloud upon the title so acquired, which was the sole purpose of the bill.

[4] The allowance of the amendment to the bill, and the overruling of the application for a rehearing, on respondents' motion, were matters in the discretion of the court, and are not revisable upon appeal.

The foregoing disposes of all of the assignments of error argued in the brief of appellants.

For the reasons above set forth, the decree of the circuit court in equity in affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

NOTE.—The foregoing opinion was prepared by Mr. Justice McCLELLAN before his resignation, and is adopted by the court.