157 So. 80

## I. TRAGER CO. et al. v. MIXON et al.

### 6 Div. 508.

Supreme Court of Alabama.

Oct. 4, 1934.

Rehearing Denied Nov. 1, 1934.

Paine Denson, of Birmingham, and A. A. Griffith and Wm. E. James, both of Cullman, for appellants.

F. E. St. John, of Cullman, for appellees.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

KNIGHT, Justice.

Bill by the I. Trager Company and others against J. M. Mixon et al., seeking to have certain deeds of conveyance declared fraudulent and void, and, in another aspect of the bill, to subject the lands to the lien of recorded judgments held by the complainants against the defendant J. M. Mixon.

After demurrer was sustained to the phase of the bill which sought a decree declaring the several conveyances fraudulent and void, as against the creditors of the said Mixon, the complainants proceeded to final submission and decree on that aspect of the bill which sought to subject the lands to the payment of their recorded judgments.

On final submission, the court dismissed the bill of complaint as last amended. From the decree dismissing their bill, the complainants appeal to this court.

The several judgments of the complainants were recovered during the year 1915, and the certificates issued thereon by the clerk of the circuit court of Cullman county, Ala., were filed for record in the office of the probate judge of said county during said year 1915.

The bill avers, and the evidence supports the averment, that the judgment debtor, J. M. Mixon, prior to the filing of the bill, had sold and conveyed all the lands owned by him to the defendants J. H. Quick, J. M. Quick, and Ed. Thompson; that thereafter, and before the filing of the bill, the said J. H. Quick sold the lands purchased by him of said Mixon to the defendant W. J. Thomas. Thus it is made to appear by the bill as amended that the said J. M. Mixon had, by absolute conveyances, parted with all title to the lands upon which the complainants sought to enforce their judgment liens at the time the bill was filed.

By the positive terms of the statute, section 7875 (Code 1923), the lien created by the recordation of the certificates of judgment continued, and could only continue, for a period of ten years. At the end of the ten-year period, the liens ceased, and could not be extended, as against the absolute purchasers of the property, purchasers prior to the filing of the bill, by the pendency of the suit, or by any decree of the court that might be rendered therein. For, as aptly said in the case of McAfee v. Reynolds, 130 Ind. 33, 28 N. E. 423, 424, 18 L. R. A. 211, 30 Am. St. Rep. 194, "as no court is above the law, and as all courts must enforce the law as it is written, it necessarily results that a lien created and limited by statute cannot be extended beyond the period fixed by the law-makers."

The question here presented arose in our recent case of First National Bank of Montgomery v. Powell et al., 155 So. 624,[1] and we there held that the lien conferred by statute, section 7875, ceased after the expiration of ten years from the recordation of the certificate of judgment, and its life could not be extended by the filing of a bill to enforce the lien. The decision in that case controls the decision in this case.

It follows that the decree appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.