16 So.2d 689

### ROWE et al. v. BONNEAU–JETER HARDWARE CO.

### 4 Div. 306.

Supreme Court of Alabama.

Dec. 16, 1943.

Rehearing Denied Jan. 13, 1944.

Further Rehearing Denied March 2, 1944.

J. M. Rowe, of Elba, for appellants.

P. B. Traweek, of Elba, and J. H. Wilkerson, of Troy, for appellee.

FOSTER, Justice.

The questions argued in this case arose on the sufficiency of certain pleas in equity to a cross-bill by an intervening creditor of some of the tenants in common, in a suit in equity by some of the other tenants seeking a sale of land for division.

The cross-bill is by an intervening judgment creditor claiming a statutory lien, and

it seeks to enforce that lien, and in doing so and in aid of that relief to declare fraudulent and void certain conveyances executed prior to the rendition of the judgment, but after the debt was created, and dated more than ten years prior to the filing of the cross-bill.

The pleas raise questions which we will discuss in the order now to be stated:

(1) That one of the judgment debtors and a tenant in common, Mercer Rowe, a grantor in one of those conveyances, had been discharged in bankruptcy after the judgment lien was created, and before the cross-bill was filed, and in that proceeding the cross-complainant was listed as a creditor, and his debt discharged.

(2) That because the alleged fraudulent conveyances were executed prior to the rendition of the judgment and the filing of a certificate of it under the statute the judgment debtor did not own such interest in the property as to be subject to levy and sale under execution, and that on it a lien did not thereby attach.

(3) The effect of the expiration pending the litigation of the period of ten years during which the lien existed under the statute.

(4) The effect of the statute of limitations of ten years on the equitable remedies sought to be enforced.

■ The principle is well sustained that in general a creditor of a bankrupt cannot after bankruptcy maintain an action to set aside a fraudulent conveyance made by the bankrupt; and that after the appointment of a trustee, he alone may do so, though the conveyance was executed more than four months before the bankruptcy. 6 Amer.Jur. 657, section 243; Ruhl-Koblegard v. Gillespie, 61 W.Va. 584, 56 S.E. 898, 10 L.R.A.,N.S., 305, 11 Ann.Cas. 929, 22 A.B.R. 643; Trimble v. Woodhead, 102 U.S. 647, 26 L.Ed. 290; Neuberger v. Felis, 203 Ala. 142, 82 So. 172; see Maynor v. Schaefer, 244 Ala. 111, 11 So.2d 846; Barrett v. Kaigler, 200 Ala. 404, 76 So. 320.

■ But a different rule obtains when the creditor has a lien on the grantor's property created more than four months before bankruptcy (11 U.S.C.A. § 107, sub. f), and his right to set aside the fraudulent conveyance is in furtherance of his enforcement of that lien. When so, the bankrupt proceedings do not cut off that right and a discharge in bankruptcy is not effective to that extent, but the trustee may intervene in such suit, if desirable, to protect the interest of the estate. And that effect has been given to a judgment lien. Collier on Bankruptcy (14th ed.) 82, notes 14, 15 and 16; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; see Heffron v. Western L. & B. Ass'n, 9 Cir., 84 F.2d 301, 112 A.L.R. 501; Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; 8 Corpus Juris Secundum, Bankruptcy, § 266, p. 959, note 20; Hillyer v. LeRoy, 179 N.Y. 369, 72 N.E. 237, 103 Am. St.Rep. 919; Tucker v. Foster, 154 Va. 182, 152 S.E. 376, 69 A.L.R. 220; Carothers v. Weaver, 220 Ala. 584, 127 So. 151.

Likewise, when the property has been sold under execution and the purchaser seeks to set aside the sale as a cloud on his title. Pasquale v. Francis, 210 Ala. 590, 98 So. 568.

So that the effect of the bankruptcy proceedings depends upon whether under Alabama law there is a lien in favor of the creditor on the land involved created more than four months before the filing of the bankruptcy petition, since such a lien is not affected by the discharge in bankruptcy. The provisions of the Alabama law, Title 7, section 585, Code of 1940, to the extent that the lien shall not be affected by bankruptcy filed more than four months after filing the certificate of the judgment, is apparently an interpretation by the Legislature of the federal law. It merely enacts provisions which declare a status resulting from the federal act.

■ The law of each state determines when, how and on what property a judgment creates a lien. Straton v. New, supra; 4 Collier on Bankruptcy (14th Ed.) p. 81, note 9.

Referring to section 7875, Code of 1923, under which the certificate of judgment was filed, providing that the lien only extends to the property of the defendant that was subject to levy and sale under execution, as is also provided in section 585, Title 7, Code of 1940, and referring to the fact that defendant in the judgment had previously sold and conveyed the property in question, appellant contends that it was not subject to levy and sale under execution then or thereafter. Section 7806, Code of 1923 (section 519, Title 7, Code of 1940), declares that certain sorts of property and property rights may be levied on under execution.

■ The principle in this State has been constantly maintained that when a judg-

ment debtor has sold his property in fraud of creditors, it is still subject to levy and sale under execution in favor of the creditor so defrauded after he obtains a judgment, and when such sale is made, the purchaser upon proof of the fraud and invalidity of the deed on that account, may maintain ejectment, if the fraudulent grantee is in possession. Howard v. Corey, 126 Ala. 283(4), 28 So. 682; High v. Nelms, 14 Ala. 350, 48 Am.Dec. 103; Smith's Ex'r v. Cockrell, 66 Ala. 64; Gilliland v. Fenn, 90 Ala. 230, 8 So. 15, 9 L.R.A. 413; Reed v. Smith, 14 Ala. 380; Grigg v. Swindal, 67 Ala. 187; Pettus v. Glover, 68 Ala. 417; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Gunn v. Hardy, 130 Ala. 642, 31 So. 443.

And under those circumstances, being out of possession and no other equity existing, there is no remedy in equity available to the execution purchaser to vacate the conveyance and recover the land. Smith's Ex'r v. Cockrell, supra; Grigg v. Swindal, supra; Pettus v. Glover, supra; Brown v. Hunter, supra; Gunn v. Hardy, supra; Altman v. Barrett, 234 Ala. 234(3), 174 So. 293.

Such property is in law still that of the debtor for the purpose of preserving the right of the creditor to subject it to the payment of his debt, under section 7806, Code of 1923 (Title 7, section 519, Code of 1940). It is therefore subject to levy and sale under execution, and a lien on it was created for a ten-year period under section 7875, Code of 1923 (Title 7, section 585, Code of 1940).

But it is contended that the lien of the statute has spent its force, because the ten-year period expired since this suit was begun. First National Bank v. Powell, 229 Ala. 178, 155 So. 624; Trager Co. v. Mixon, 229 Ala. 371, 157 So. 80.

Evidently to meet the effect of these cases the Code of 1940 amended the statute creating the lien so as to extend it for the purposes of a suit begun within the ten-year period, but not completed in that time, on the conditions there provided. The Code went into effect May 31, 1941. The judgment was rendered on September 21, 1931, and a certificate was filed creating the lien on February 27, 1932. The cross-bill to enforce the lien was filed September 20, 1941, seeking to subject to his judgment against S. E. Rowe and M. (or Mercer) Rowe their undivided interest in the land sought to be sold for division. As amended it alleged the existence of facts sufficient under the statute as set up in the Code of 1940 to continue the lien after the expiration of ten years for the purpose of this litigation. So that it was filed within the period of ten years after the date of the judgment which was also after the effective date of the amended statute (as controlled by the effective date of the Code of 1940, to-wit, May 31, 1941), but more than ten years after the execution of the alleged fraudulent conveyances.

The contention of appellant here is twofold: (1) That the amendment to the statute did not extend to a lien created and existing by compliance with the earlier statute; and (2) that even so, the cross-bill to set aside the fraudulent conveyances or to declare them null and void, which leads to the same result, was filed more than ten years after the date of their execution, and that it was therefore barred by the statute of limitations as are suits for the recovery of land.

It is observed that the statute as amended applies to the lien created by the "preceding section" of the Code. The preceding section is section 584 of that Code, which is the same as section 7874, Code of 1923, except the addition to it of a provision for the chronological order of recording the certificates. So that the question is whether section 585, supra, as thus amending section 7875, Code of 1923, was meant to apply only to judgments when the certificate was filed after the Code of 1940 adopted sections 584 and 585, as they there appear.

In view of our decisions which limited the enforcement of the lien to ten years, rendered shortly prior to the drafting of the new Code, and of the fact that in referring to the "preceding section" it was only using the language of its predecessor in the Code of 1923, we think the purpose was to make section 585, supra, in its entirety apply to all liens created by section 584, supra, or by section 7874, Code of 1923, when its requirements are met. That is to say, when a suit to enforce the lien is begun after the statute as amended became operative and within the ten-year period, but not completed in that time, and at the time said suit is begun a lis pendens notice is filed in the office of the judge of probate, the lien provided for continues solely for enforcement in that suit as if said ten-year period had not elapsed. There is no attack here made on the sufficiency of the lis pendens notice alleged to have been filed on the date of filing the cross-bill here involved.

It is also contended, as we have observed, that because. the cross-bill which seeks to set aside the conveyances for fraud was filed more than ten years after they were executed, it is barred by the statute of limitations of ten years prescribed for the recovery of land. Title 7, section 20, Code of 1940, section 8943, Code of 1923.

The trial court sustained that contention in holding plea 2 of A. L. Rowe sufficient.

The cross-bill as to both transactions should be considered as resting for its equity on the right to enforce a judgment lien.

But the court can enforce that lien only by vacating the fraudulent sale or declaring it null and void, which has the same effect. That will be done as an invalid claim in the way of the lien. As long as the lien lasts and is enforceable, that impediment may be removed, unless it has ripened into title by adverse possession before the suit was begun, and therefore has become superior to the lien. Barclay v. Smith, 66 Ala. 230; Watt v. Killebrew, 156 Ala. 454, 47 So. 83. If that were not true, the lien would be lost to a fraudulent claim which has not become a superior right before the lapse of a certain period though the statute provides that it shall continue throughout that period. When the statute saves the lien for a specific time, it likewise saves the right to do all things necessary to enforce it in that time, but of course subject to superior rights.

But considering the cross-bill as one to enforce the equitable right to set aside the fraudulent conveyances without considering its equity to enforce the judgment lien, the plea of the statute of limitations is likewise insufficient. It does not allege that the fraudulent grantee went into possession of the land under the grant and held it adversely or under claim of right for ten years prior to filing the cross-bill.

The only theory on which the ten-year statute of limitations is said to be applicable to a suit in equity to vacate a fraudulent conveyance of land, and subject it to payment of the debt, is that it is in the nature of a suit in equity for the recovery of land. Section 8943, Code of 1923 (Title 7, section 20, Code of 1940) in terms makes the ten-year period apply to actions for the recovery of land. There is no statute of limitations expressly applicable to the remedy in equity merely to vacate a fraudulent conveyance. If it is of personalty, the limitation is different from what it is when the deed is of realty.

A suit at law for the recovery of land must be against one who has ousted the plaintiff actually or constructively, or keeps him out of it, and therefore must be against one in possession claiming adversely to plaintiff. 34 Amer.Jur. 105, section 129; 19 Corpus Juris 1073, § 59; 28 C.J.S., Ejectment, § 32. That status puts the statute in motion and originates the necessity for the action and is the basis of its accrual. Washington v. Norwood, 128 Ala. 383, 390, 392, 395, 396, 30 So. 405. It is adverse possession of land for the statutory period of ten years that bars an action for its recovery. Smith v. Roberts, 62 Ala. 83; Barclay v. Smith, 66 Ala. 230.

If the one in possession occupies in recognition of plaintiff's right, there is no ouster and the right of action has not accrued in such sense as that the limitation in the statute has begun to run. In such a suit as this, the court observed in Drummond v. Drummond, 232 Ala. 401, 168 So. 428, that the ten-year statute of limitations and the statute of adverse possession are to the same end. And in VanAntwerp v. VanAntwerp, 242 Ala. 92 (31 to 40), 5 So.2d 73, we applied the statute of six years to the right to vacate a fraudulent conveyance of personalty, but held that it did not begin to run until the grantee asserted claim of ownership of the property under the grant by a hostile possession, since adverse possession is an essential feature of the statute of limitations as a defense to a suit for the recovery of property, real or personal. And in Jones v. Jones, 18 Ala. 248, it is said, "the statute (of limitations) operates on the title, and when the bar is complete, the title of the original owner is defeated, and the adverse possessor has the complete title." Although as a general rule the statute of limitations operates only on the remedy, not on the right, as to the recovery of property it operates as to both. Newcombe v. Leavitt, 22 Ala. 631. So that in such suits the statute of limitations serves to cut the plaintiff off from the enforcement of his right of recovery by vesting such right in the respondent by adverse possession. As a defense to such a suit the statute of limitations and adverse possession are inseparable. The same qualities of the defense exist in equity as at law when analogous.

The appeal cannot be sustained since section 2838, Code of 1907, was

amended by eliminating the right to appeal from a decree sustaining or overruling the sufficiency of a plea in equity. See section 6079, Code of 1923; section 755, Title 7, Code of 1940; Bullen v. Bullen, 231 Ala. 192, 164 So. 89; Worthington v. Morris, 212 Ala. 334, 102 So. 620; State v. Jabeles, 203 Ala. 670, 85 So. 16.

But we not infrequently permit a limited review by mandamus in respect to certain interlocutory orders and decrees in equity, not appealable, and which are injurious to the complaining party, when to review them on appeal from a final decree does not afford adequate relief. Ex parte Green, 221 Ala. 298, 129 So. 72; Ex parte Pollard, 233 Ala. 335, 171 So. 628; Blach & Sons v. Hawkins, 238 Ala. 172, 189 So. 726; Ex parte Fletcher, 225 Ala. 139, 142 So. 30; 14 Ala. Digest, Mandamus, § 53, pp. 77 to 80.

The appeal must be dismissed and since there was no erroneous ruling on the pleas prejudicial to appellant, although we do not agree with the court as to the sufficiency of plea 2 by A. L. Rowe (the statute of limitations), appellant does not show that he is entitled to a writ of mandamus. His petition is therefore denied.

Appeal dismissed.

Mandamus denied.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

On Rehearing.

FOSTER, Justice.

Appellant insists that we did not properly understand his contention with reference to sections 7875 and 7806 of the Code of 1923, Code 1940, Tit. 7, §§ 585, 519. It is as we now understand it that section 7806 enumerates property subject to levy and sale under execution, which he admits includes that which had been fraudulently conveyed, but points out that section 7875 creates a lien not on the property which is subject to levy and sale under execution without more, but also that it must be property "of the defendant," and that property which had been fraudulently sold is not property of defendant though subject to levy and sale under execution against him.

We intended to make our opinion clear and again emphasize the statement which we consider the sound result of our cases that when property has been conveyed by the debtor when such conveyance was fraudulent and subject to be vacated by a creditor who subsequently obtains a judgment and a statutory lien by recording the proper certificate, if such property would be subject to levy and sale but for the fraudulent conveyance, it was still the property of the judgment debtor notwithstanding the conveyance so as to be subject to the lien of the judgment under section 7875, supra. The fact that a fraudulent conveyance is voidable as to creditors, and not void (First National Bank of Birmingham v. Love, 232 Ala. 327, 167 So. 703), does not militate against this principle. For it is said in Smith's Ex'r v. Cockrell, 66 Ala. 64, 82, that "As to creditors * * * the legal title remains in the judgment debtor until the sale and conveyance by the sheriff, and then it passes to the purchaser." All property from the time when it becomes subject to levy and sale under execution against a judgment debtor is his property for that purpose and subject to the lien provided by section 7875, Code of 1923 (Title 7, section 585, Code of 1940).

The second contention now made, as we understand it, is that the lien of the judgment whose enforcement was extended beyond ten years by section 585, Title 7, Code of 1940, ceased to be the same lien as that which existed and was created by filing the certificate, and therefore did not exist more than four months prior to the bankruptcy of Mercer Rowe. It is of course true that it is only such lien as existed more than four months before bankruptcy which may be enforced in this suit. This we think is the plain import of what is stated in the foregoing opinion. But we are persuaded that when a suit is filed within the ten-year period of section 7875, supra, which created the lien, and when its purpose is to enforce it, the fact that the suit is filed after section 585, supra, became operative so as to continue the right to enforce it during the period of that litigation, and only in it, a new and different lien is not created at the expiration of the original ten-year period, but merely the remedy to enforce it is enlarged and the period of its operation is extended only for that limited purpose, but it is the one and the same lien which was created by filing the certificate more than four months before bankruptcy.

The suit was filed to enforce the lien as it existed four months before bankruptcy. Section 585, Code of 1940, supra, retained the jurisdiction thus acquired to enforce

that lien in that suit, though the original ten-year period should thereafter terminate.

The third contention is that in holding that adverse possession is an element of the statute of limitations as a defense to an action for the recovery of land we do not abide by the case of Van Ingin v. Duffin, 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29. We did not think it necessary to repeat what we said in Van Antwerp v. Van Antwerp, 242 Ala. 92, at page 103, 5 So.2d 73, at page 81, that for the reasons there stated and after careful consideration of the question, "[that case] is not to be treated as authority for a different view." The principle of the Van Ingin case, supra, was not followed in the later case of Waddail v. Vassar, 196 Ala. 184, 72 So. 14, which cites the older cases of Shorter v. Smith, 56 Ala. 208, 210, and Scruggs v. Decatur Mineral & Land Co., 86 Ala. 173, see page 177, 5 So. 440. The case of Washington v. Norwood, supra, has been cited with approval in many cases. Davis v. Harris, 211 Ala. 679, 683 (15), 101 So. 458; Drummond v. Drummond, supra. The Van Ingin case, supra, has not been followed in this respect. Attention need not be given it further on this point.

Application for rehearing overruled.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.