In re Peter V. SINTZ and Julie G. Sintz, Debtors.

Robert H. ALLEN, Trustee, Plaintiff,

v.

FIRST ALABAMA BANK, AmSouth Bank, Frederick Davis, Davis & Co., State of Alabama Department of Revenue, United States of America, Defendants.

Bankruptcy No. 92–12062.
Adv. No. 92–1313.

United States Bankruptcy Court, S.D. Alabama.

June 29, 1993.

Robert H. Allen, Mobile, AL, Trustee.

William R. Sawyer, Mobile, AL, for U.S.

Charles R. Mixon, Jr., Mobile, AL, for First Alabama Bank.

Christopher Gruenwald, Mobile, AL, for AmSouth Bank.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the complaint of the trustee, Robert H. Allen, to determine the validity, extent and priority of liens of the respective defendants. After receiving exhibits, stipulation of facts and arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

First Alabama Bank (First Alabama) was formerly known as Merchants National Bank (Merchants). On October 15, 1982, in the case of *Merchants National Bank v. Peter V. Sintz*, Case No. CV–81–001893, a judgment was entered in favor of Merchants in the amount of $218,505.76 plus costs. On November 19, 1982, Merchants recorded its judgment with the Judge of Probate for Mobile County, Alabama.

Both Peter V. Sintz and Julie G. Sintz ("the debtors") are indebted to the United States of America ("the United States") for unpaid taxes.[1] The State of Alabama also has tax liens upon property of the estate that were recorded subsequent to the recording of Merchants' judgment. AmSouth claims a mortgage on property in which debtor Peter V. Sintz owns a one-fourth interest. The claim asserted by AmSouth is undisputed.

The debtors filed a chapter 7 bankruptcy petition on October 20, 1992. As of October 20, 1992 First Alabama had not revived its October 15, 1982 judgment.

1. The unpaid taxes are evinced by Notices of Federal Tax Lines filed with the Judge of Probate for Mobile County, Alabama on the following dates:

### CONCLUSIONS OF LAW

The crux of the dispute is between the validity, extent and priority of the liens of First Alabama, the United States and the State of Alabama. The issue before the Court is whether the lien claimed by First Alabama that came into existence when Merchants recorded its certificate of judgment on November 19, 1982 is still enforceable and, if so, its priority as to the tax liens asserted by the United States and the State of Alabama.

In accordance with Alabama Code § 6–9–210 (1977) Merchants' judgment was recorded on November 19, 1982. In pertinent part, Alabama Code § 6–9–211 (1977) provides:

Every judgment, a certificate of which has been filed as provided in section 6–9–210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, *and such lien shall continue for 10 years after date of such judgment ...*

(emphasis added). The United States and First Alabama differ on the meaning of *"the date of such judgment."* First Alabama contends "the date of such judgment" means the date the judgment is recorded. Therefore, according to First Alabama, it had until November 19, 1992 to revive its lien; and, since the debtors' filed their bankruptcy petition on October 20, 1992, its lien is still valid.

First Alabama also relies on Rule 62, Alabama Rules of Civil Procedure and argues the thirty (30) day stay imposed by Rule 62 prohibited it from recording its judgment during the thirty (30) days after the judgment and, therefore, the ten years does not begin to run until the certificate of judgment is recorded. This argument is unpersuasive. In *Kiker v. National Structures, Inc.,* 342 So.2d 746 (Ala.1977) the Alabama Supreme Court held that "recording a judgment is not the same as executing a judgment." *Kiker,* 342 So.2d at 748. Moreover, in *Johnson v. Haleyville Mobile Home Supply,* 477 So.2d 328 (Ala.1985), the supreme court concluded Rule 62 only prevents enforcement of the

| Period | Date Recorded | Amount |
|--------|---------------|--------|
| 1985 | 9/10/86 | $75,056.15 |
| 1986 | 3/20/88 | $20,012.52 |
| 1987 | 11/02/90 | $ 8,573.42 |
| 1988 | 11/02/90 | $15,630.27 |
| 1989 | 11/02/90 | $43,639.73 |

judgment for thirty (30) days; it does not prevent recording of a certificate of judgment.

Contrarily, the United States contends that because the judgment was entered on October 15, 1982 and First Alabama failed to revive the judgment recorded on November 19, 1992 prior to or on October 15, 1992, First Alabama no longer has a valid lien. The Court concludes the date of entry, not the date of recordation, commences the ten year period in which the lien continues.

The decisions rendered on the issue and relied upon by both parties are not models of clarity. Section 6–9–211 tracts substantially similar language found in provisions of the 1923 and 1940 versions of the Alabama Code. In *I. Trager Co. v. Mixon,* 229 Ala. 371, 157 So. 80 (1934), the Alabama Supreme Court held a judgment lien continues for ten years after the date of recordation. In *McClintock v. McEachin,* 246 Ala. 412, 20 So.2d 711 (1945), the supreme court held that a judgment lien became dormant after ten (10) years from the date judgment was entered. *See also, Second National Bank of Cincinatti, Ohio v. Allgood,* 234 Ala. 654, 176 So. 363 (1937); *First National Bank of Montgomery v. Powell,* 229 Ala. 178, 155 So. 624 (1934).

Alabama Code § 6–9–192 (1977) requires a judgment creditor to revive its judgment within ten (10) years of its entry to have the lien created by § 6–9–211 remain enforceable.[2] The filing of the certificate of judgment creates a lien which lasts for ten (10) years after "the date of such judgment." § 6–9–211. The *"date of such judgment"* language, when viewed in *pari materia* with the relevant provisions in Title 6, Article 8, Code of Alabama 1975, is susceptible to only one interpretation: that "date of such judgment" means the date of entry. *See e.g.,* Alabama Code § 6–9–190 (1977) ("A judgment cannot be revived after the lapse of 20 years from its *entry."*); § 6–9–191 ("If 10 years have elapsed from *the entry of the judgment* without issue of execution ..."); and § 6–9–192 ("No execution shall issue on

a judgment of the district or circuit court on which an execution has not been sued out within 10 years *of its entry* until the same has been revived ..."). Thus, the lien is effective for ten years from its entry and the lien First Alabama acquired from Merchants expired on October 15, 1992 since no action was taken to revive the lien prior thereto. Consequently, First Alabama has an unsecured claim.

---

2. Alabama Code § 6–9–192 provides:

No execution shall issue on a judgment of the district or circuit court on which an execution has not been sued out *within 10 years of its entry*

until the same has been revived by appropriate motion or action under the Alabama Rules of Civil Procedure.
(emphasis added).